C. C. JOHNSON, as Liquidator of the Commercial Bank of St. Augustine, a State Banking Company, *Plaintiff in Error,* v. F. M. LEONARD & Co., a Corporation, *Defendant in Error.*

146 So. 202.

Division A.

Opinion filed January 25, 1933.

Rehearing denied February 7, 1933.

*M. L. Stephens,* for Plaintiff in Error;

*MacWilliams, Upchurch & Varn,* for Defendant in Error.

DAVIS, C. J.—C. C. Johnson, as Liquidator of the defunct Commercial Bank of St. Augustine, sued F. M. Leonard & Co., as drawer of a check which had been deposited in the defunct bank. The case was tried before the Circuit Judge without a jury. Judgment was entered in favor of defendant and plaintiff prosecutes writ of error.

The facts are as follows: On January 27, 1930, F. M. Leonard & Co., drew a check on the Atlantic National Bank of Boston, Mass., payable to the order of W. F. Wolfe. The amount of the check was $125.00. During banking hours on January 29, 1930, W. F. Wolfe deposited the check in the Commercial Bank of St. Augustine. The check was indorsed in blank by the payee, but the deposit was made pursuant to a bank deposit slip which contained the following: "In receiving items for deposit or collection, this bank acts only as depositor's collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits."

Credit on its books was given by the bank to the depositor. Thereafter when presented for payment the deposited check was dishonored, because the drawer, F. M. Leonard & Co. had stopped payment at the request of the payee, W. F. Wolfe.

The Commercial Bank of St. Augustine suspended business on January 29, 1930. Thereafter the plaintiff in error was appointed and qualified as Liquidator.

The question presented at the trial was; whether or not under the laws of Florida, the drawer of a bank check is discharged from liability thereon to a bank of deposit, when payment on the deposited check is stopped at the request of the payee, after the check has been endorsed in blank by the payee, who has been given credit on the books of the bank, under a deposit slip containing a recitation to the effect that the bank of deposit agreed to act only as depositor's collection agent with reference to the check, until final payment was received in cash or in solvent credits.

Our conclusion is that the maker or drawer of the check is not responsible to the bank of deposit under the circumstances above stated, payment of the check having been

stopped by the payee before collection was made by the bank of deposit. See Edwards v. Lewis, 98 Fla. 856, 124 Sou. Rep. 746; Federal Reserve Bank of Richmond v. Malloy, 281 Fed. 997, 291 Fed. 763, 264 U. S. 160, 44 Sup. Ct. Rep. 296, 68 L. Ed. 617; Section 6834 C. G. L., 4748 R. G. S., Statute Laws of Florida. Compare Cunningham v Bunker, 45 Fed. (2nd) 458.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.