THE RIVIERA CLUB, a Corporation, *et al.,* v. THE CITY OF ORMOND, a Municipal Corporation

2 So. (2nd) 721
En Banc
Opinion Filed June 3, 1941

402

*Walter C. Hardesty* and *J. Lewis Hall,* for Petitioners;

*Hull, Landis & Whitehair, Francis P. Whitehair* and *John L. Graham,* for Respondent.

WHITFIELD, J.—A petition for interlocutory certiorari under Rule 34 seeks review of an order of the circuit judge which contains the following:

". . . this cause came on to be heard upon application . . . for a temporary injunction restraining and enjoining the defendant, City of Ormond, its officers, clerk, servants, agents, employees or policemen, from selling a stock of liquor levied upon under a distress warrant issued by the City of Ormond, and certain other relief prayed for in the bill of complaint.

". . . Upon an inspection of the bill, the Court determined to proceed to hear the matter solely upon the application for a restraining order with regard to the sale of the seized liquors. Having thereupon heard argument of counsel, both for the plaintiffs and the defendant, it is thereupon, upon consideration thereof, ORDERED, ADJUDGED AND DECREED that the application be and the same is hereby denied."

The bill of complaint alleges that Chapter 15401, Special Acts of 1931, entitled "AN ACT to Abolish the Present Municipal Government of the Town of Or-

mond, in Volusia County, Florida, and to Create, Establish and Organize a Municipality to be Known and Designated as the City of Ormond, and to Define Its Territorial Boundaries and to Provide for Its Government, Jurisdiction, Powers, Franchises and Privileges." is void and unenforceable in so far as said Act affects that portion of the territory (included in the municipality) that "affects the lands, property, business, or occupations engaged in by said plaintiffs solely within said area particularly described by metes and bounds in paragraph III hereof, in that said Act violates" stated sections of the State and Federal Constitutions, it being charged in effect that plaintiffs' lands are wild and unimproved, not suited for municipal purposes and cannot be benefitted by being so incorporated.

It is alleged that "The Riviera Club," one of the plaintiffs obtained a State and county license to sell liquors within the statutory limits of the city, but did not obtain a city license because it is alleged, the area upon which the liquors are to be sold, is unlawfully incorporated in the city on the stated constitutional grounds. The statute is clearly not unconstitutional on its face. The alleged invalidity of the corporation boundaries can be judicially determined only by quo warranto proceedings brought in the name of the Attorney-General.

If particularly described parcels of land wholly unsuited for municipal purposes and so conditioned and situated that they can receive no benefit whatever, present or reasonably prospective, by being incorporated in the municipality, so as to make taxation of such lands violate organic property rights, the taxa-

tion of the lands for municipal purposes may be enjoined when there is no adequate remedy at law and the land owners have not lost by waiver, acquiescence or otherwise their right to resist the unlawful taxation of the lands. But this has relation to taxation of the lands for municipal purposes.

Enjoining taxation of lands for municipal purposes does not change the boundary lines of the municipality, but restrains such taxation of the lands while they receive no actual or potential benefit by being included in the boundaries of the municipality.

It appears that the lands involved are included within the statute which is *prima facie* and presumptively valid. Therefore such lands are within the *de jure* jurisdiction of a *de jure* municipality. The plaintiff who desires to sell liquors within the statutory boundaries of the City of Ormond must pay the city license tax for such privileges.

The tax being legal, a temporary restraining order was properly denied, the sale of the stock of liquors being for failure to pay an authorized municipal license tax for the sale of such liquors.

Certiorari denied.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—I am unable to concur in the conclusion reached in the opinion prepared by Mr. Justice WHITFIELD which results in certiorari being denied.

The allegations of the bill of complaint are sufficient

to show that the plaintiffs are the owners of property located within and constituting a tract of about 35 acres of land; that the City of Ormond under the provisions of Chapter 15401, Special Acts of the Legislature of 1931, assumes to exercise jurisdiction over the said lands, assesses taxes against such lands and is proceeding to enforce the collection of occupational license tax from one of the owners of a parcel of such lands. It shows that the area covered by the parcels of land owned by the plaintiffs has never received any municipal benefits and that by reason of its location and character it can never receive any municipal benefits from the municipality.

If these allegations are true, then the City of Ormond possess no legal authority to taxes against the lands of the plaintiffs and has no legal authority to exercise any jurisdiction over the area in which such lands are located, until it can and does render municipal benefits.

That the remedy of injunction may be invoked to prohibit the exercise of taxing power by the municipality is well settled. See State *ex rel.* Attorney General v. City of Avon Park, 108 Fla. 416, 149 Sou. 409; Martha Bright Farms v. Broward Port Authority, 117 Fla. 361, 158 Sou. 70; State *ex rel.* Harrington v. City of Pompano, 136 Fla. 730, 188 Sou. 610; City of South Miami v. State *ex rel.* Landis, 140 Fla. 740, 192 Sou. 624; City of Winter Haven v. A. M. Klemm & Son, 141 Fla. 75, 192 Sou. 646.

Only ad valorem taxes were involved in the cases above cited, but if the area involved was so situated that no ad valorem tax could be lawfully assessed,

then it follows that the city was without power to enforce other sorts of taxes applying to the same area.

Section 2 of Chapter 8586, Acts of 1921, Section 1039 C. G. L., provides:

"In any such cases the court may issue injunctions to restrain the sale of real or personal property for any tax, assessment or toll which shall appear to be contrary to law or equity, and in no case shall any bill be dismissed because the tax assessment or toll complained of, or the injunction asked for, involved personal property only."

A "toll" is that which is paid for a privilege. A license tax is the tax paid for a privilege. So, here "toll" is construed to include "license tax."

The purpose of the bill of complaint was to enjoin the assessment and collection of ad valorem taxes on the lands involved and to enjoin the collection of a license tax imposed by the city for the privilege of engaging in a certain business on the lands involved.

Incident to the main relief sought by one of the complainants it sought temporary injunction of the sale of personal property which had been seized by the city to enforce the payment of the involved license tax.

The allegations of the bill, if proved, will entitle the plaintiffs to the relief sought. If the relief against the assessment and collection of taxes is granted the plaintiff will have been deprived of its property without due process of law and the city will have received five hundred dollars to which it is not entitled.

So on the application made, the court should have restrained the sale of plaintiff's property until final disposition of the cause on the merits.

Certiorari should be granted and the challenged order quashed and the cause remanded for further proceedings.