KANNER, Chief Judge.
The suit is for an injunction; the nature of the appeal is interlocutory, arising from *296 the chancellor’s denial of a motion to dismiss the complaint.
The allegations of the complaint are, essentially, that in 19S2 appellee bought a certain lot or parcel of land and began developing it in 1956, having been informed by all parties, including his predecessor in title, that it was without the municipal boundaries of the Town of Tavares and so considered by the town; that although the town had not previously attempted to assert jurisdiction over appellee’s property or that of his predecessors in title, the town clerk, by letter to appellee in 1957, stated that the property was within the municipal limits and therefore subject to all municipal zoning and other regulations and ordinances; that in 1958 appellee was summoned to appear in municipal court for zoning violations; that the town, to assert its jurisdiction, relied on chapter 22493, Special Laws of Florida, 1943, which defined the town boundaries; and that, fourteen years having elapsed between passage of the act and the town’s assertion of its jurisdiction over the land, the town was therefore guilty of laches. Further, there is only the bare allegation that the town has not “given any municipal benefits to said land.”
The permanent relief prayed for is that the town and its mayor be enjoined from interfering or further prosecuting appellee for violation of the building and zoning codes, and that appellee’s property be declared to be without and ousted from the jurisdiction of the municipality of Tavares. In addition to the prayer of the complaint, appellee in his brief, p. 1, after stating the substance of his complaint, says, “Whereupon Appellee sued for injunction against Town, Appellant, seeking ouster from municipal jurisdiction and proper establishment of Town boundary line.” Again he says on p. 7, “Appellants contend that complaint is one to enjoin a criminal prosecution and enjoin taxation but Ap-pellee most respectfully urges complaint is one questioning municipal jurisdiction over Appellee’s lands.” Thus the theory and purpose of the case, as well as the relief sought by the appellee, is to have his land excluded from the municipal limits of the Town of Tavares.
The rule is generally recognized and has long been established in Florida jurisprudence that the proper method of seeking relief where a municipality has undertaken to exercise jurisdiction or control over land should be through a quo war-ranto proceeding. City of South Miami v. State, 1939, 140 Fla. 740, 192 So. 624; State ex rel. Harrington v. City of Pompano, 1938, 136 Fla. 730, 188 So. 610, 615; and 74 C.J.S. Quo Warranto § 4, p. 181, and § 13, p. 196.
This is not a case where it is sought to restrain the municipality from collecting taxes on land because the lands are so remote, unbenefited from any municipal service, or without prospect of municipal benefits as to come within the scope of the case of City of Sarasota v. Skillen, 1937, 130 Fla. 724, 178 So. 837, and like cases.
The purpose of the appellee is to have his parcel of land ousted from the municipal boundaries of the Town of Tavares so that the town cannot assert any jurisdiction over it. However, the result accomplished by an injunction decree restraining taxation of lands by a municipality does not alter the boundary lines of the municipality but prevents taxation of the lands while they receive no actual or potential benefit by being included within the boundary limits of the municipality. Riviera Club v. City of Ormond, 1941, 147 Fla. 401, 2 So.2d 721.
In the City of Ormond case it may be noted that the Riviera Club obtained a state and county license to sell liquors within the statutory limits of the City of Ormond, but did not obtain a city license because it claimed the area upon which the liquors were to be sold was unlawfully incorporated in the city. The proceeding was that of injunction to enjoin the city from selling *297 a stock of liquor levied upon under a distress warrant issued by the city. The Supreme Court ruled in that case that the alleged invalidity of the corporate boundaries can be judicially determined only by a proceeding in quo warranto.
The complaint lays no basis for injunc-tive relief. The chancellor should have granted the motion to dismiss. The interlocutory order is hereby reversed and the cause is returned for further proceedings in conformity with this opinion.
Reversed.
ALLEN, J., and KNOTT, JAMES R., A. J., concur.