118 So.2d 585 (1960)
TOWN OF MANGONIA PARK, a Florida Corporation, Appellant,
v.
Helen K. HOMAN and Gertrude K. Pettengill, Clifton Walton, Beulah Blair, and Westward Developers Associates, Inc., a Florida Corporation, Appellees.
No. 1166.
District Court of Appeal of Florida. Second District.
March 4, 1960.
*586 Miller, Hewitt, Cone, Owen & Wagner, West Palm Beach, for appellant.
Warwick, Paul & Warwick, West Palm Beach, and Williamson, Gunster, Baugher & Yoakley, Palm Beach, for appellees.
WHITE, JACK F., Associate Judge.
Appellant Town of Mangonia Park, a Florida municipal corporation in Palm Beach County, seeks reversal of a final decree sustaining appellees' objections to certain proceedings under Section 171.04 Florida Statutes 1957, F.S.A., by which the said town sought to extend its corporate limits to include contiguous unoccupied lands belonging to the appellees.
Section 171.04, Florida Statutes 1957, F.S.A., sets forth inter alia the procedure by which a city or town may annex to its *587 existing boundaries contiguous land having not more than ten registered voters. The first step is the adoption of an ordinance of intention to annex the described land at the expiration of thirty days from the date of the approval of the ordinance followed by publication of the ordinance once a week for four consecutive weeks in some newspaper published in such city or town or, if no newspaper is so published, then notice shall be given by posting at least three printed copies of the ordinance for four consecutive weeks in some conspicuous place in said city or town and three copies in like manner in the district to be annexed.
The statute further provides, in substance, that if at any time before the expiration of thirty days from the approval of the ordinance any ten registered voters of the city or town or any two owners of real estate in the district proposed to be annexed shall object to such annexation they may invoke the jurisdiction of the circuit court by petition describing the proposed annexation and stating the grounds of objection. The court shall then set the cause down for final hearing upon notice, and further action by the city or town is stayed until further order of the court. If upon final hearing the court sustains the objections, the land shall not be annexed; otherwise the petition shall be dismissed and the land declared annexed. If objection by petition is not filed and notice served within the prescribed thirty days, the statute provides that the city or town may proceed by ordinance to annex the land and redefine the corporate boundaries accordingly.
By ordinance of July 1, 1958 the town council of Mangonia Park declared its intention to annex the appellees' lands comprising several hundred acres. There was no newspaper published in Mangonia Park, but the town authorities saw fit to publish the ordinance in the Palm Beach Post, a daily newspaper published in the same county. We here inject the comment that such publication, being without statutory direction or authority, could have no legal effect and must be regarded as surplusage. The town did proceed according to the statute in posting three copies of the ordinance in the Town of Mangonia Park, but because of difficulty of entering the rough terrain no copies were posted in the territory sought to be annexed.
On September 16, 1958 the town council purportedly finalized the annexation by ordinance declaring the appellees' lands annexed to the Town of Mangonia Park, the ordinance reciting that no objection had been filed. On October 9, 1958, more than thirty days after approval of the initial ordinance of intention to annex, the appellee owners filed their petition in circuit court for an order prohibiting the annexation of their lands. The petition alleged facts tending to show that it was not to the best interests of the petitioners that their lands be annexed to the defendant town, that the town was not in position to furnish requisite municipal services to the said lands, and that the industrial potential of the lands in view of pending plans of development gave them a much greater community of interests with the larger City of West Palm Beach than with the smaller Town of Mangonia Park.
At the conclusion of the final hearing on January 14, 1959, the attorney for the defendant town moved to dismiss the petition and enter judgment for the town on the ground that the petitioners had failed to file their objections within the prescribed thirty days from the date of the approval of the initiating ordinance. It was argued that the petitioners were thus precluded from relief by the petition that otherwise might have availed them under the statute.
In the final decree entered February 27, 1959 it was observed that the case would have been tried more appropriately in chancery than at law, and the case was considered as transferred and tried on the equity side of the court. The court then held with the petitioners and, in effect, denied the town's motion to dismiss.
*588 The court found that the Town of Mangonia Park was a small community incorporated in 1947, that notice of the proposed annexation was insufficient, that a contemplated incorporation of the lands within the adjacent City of West Palm Beach would be more appropriate and beneficial than inclusion within the Town of Mangonia Park, that the City of West Palm Beach was well equipped to supply municipal needs and services whereas the Town of Mangonia Park was not so equipped, that all the owners of the lands were opposed to annexation to Mangonia Park and that it was not to their best interests that the lands be so annexed. The court adjudged the purported annexation invalid and enjoined the Town of Mangonia Park and its officers from further attempting to annex the lands in question under the facts of the case.
There are ten assignments of error directed broadly to two alleged errors: (1) that the court erred in denying the defendant's motion to dismiss the petition and enter judgment for the defendant and (2) that the court erred in the findings and conclusions set forth in the final decree. The real gist of the appellant's contention, however, is that the court should have dismissed the petition for want of seasonable prosecution.
We have no doubt that the case was rightly tried upon the petition of the objecting owners notwithstanding it was filed more than thirty days after the approval of the ordinance of intention to annex. It is noted that the appellant town failed to follow a statutory requirement with respect to notice and sought excuse for its delinquency. Thus by invoking the statute against the petitioners as to the time of filing their suit while indulging its own noncompliance with the same statute, the town both approbates and reprobates the very statute by which it has attempted to annex the lands here involved.
In the circumstances of this case it would have been pointless to dismiss the slightly tardy petition and require the petitioners to resort to a separate proceeding in the nature of quo warranto to seek the same relief. We find here no laches or estoppel and no effective limitation by the statute. We therefore hold that in annexation proceedings under Section 171.04 Florida Statutes 1957, F.S.A., the right to object by petitioning the court as therein provided is not lost by the lapse of an apparent thirty day limitation on filing where the defendant municipality has failed to give legally sufficient notice of intention to annex.
Notice of the appellant's intention to extend its boundaries was obviously insufficient in that three copies of the ordinance were not posted in the district to be annexed. Such posting was jurisdictional, a condition precedent to due process, and its omission was fatal to the proceedings. Where the power to extend boundaries has been delegated to a municipal corporation, the power must be exercised in strict accord with the statute conferring it. 37 Am.Jur. Municipal Corporations, Section 24.
The Chancellor, however, was completely comprehensive in ruling objectively on the merits of the proposed annexation and finding it impracticable and unjustified. The Town of Mangonia Park had no public water supply, no sidewalks, no sewage disposal system, no recreational facilities, and its streets and business section were largely undeveloped. Within its boundaries of four hundred and eighty acres it had an estimated maximum population of seven hundred and fifty or about one and one-half persons per acre. The town is no doubt an ambitious and flourishing young community, but there was no imminent need for the additional territory.
The lands to be annexed were low, swampy and undeveloped except for a few access roads. The owners had already evolved plans tentatively acceptable to the City of West Palm Beach for a costly and *589 elaborate industrial development looking toward eventual annexation to that larger and more prestigious community.
We conclude that the final decree is in all respects well substantiated.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.