PER CURIAM.
Defendant Town of Crystal River appeals a final decree entered on an order granting plaintiffs’ motion for a summary decree. The decree made findings of fact and, inter alia, enjoined the defendant from further attempts to annex plaintiffs’ lands until further order of the Court. The suit was brought in chancery to avoid multiplicity of suits when the town attempted to annex by ordinance for a second time.
The decree was based upon the pleadings and affidavit filed in behalf of plaintiffs. No counter affidavit was filed by the defendant. The chancellor found that there was no genuine issue of material fact and that plaintiffs were entitled to the relief prayed. The decree (1) found the attempted annexation of the subject lands “impractical and unjustified”; (2) held invalid the proposed ordinance attempting to annex said land; (3) enjoined defendant from attempting to act on said ordinance; and, (4) enjoined defendant from further attempting to annex said land until further order of the Court.
In a prior suit Circuit Judge Carroll W. Fussell had enjoined the defendant from attempting to annex substantially the same lands under another ordinance. Judge Fus-sell found inter alia that the defendant was not equipped to supply municipal services to the area proposed for annexation; that the defendant had not been furnishing such services to all of its present residents; and that it would not be to the best inte, ests of the plaintiffs for said territory to' be incorporated into the Town of Crystal River. No appeal was taken from that decree.
Neither the ordinance nor the instant record on appeal discloses the enabling statute or charter authority under which the annexation procedure was attempted. We have been unable to ascertain any authority for the proposed annexation other than § 171.04 F.S.A.[1] As indicated, the ordinance recited no authority under which it was enacted and on its face did not reflect compliance with general laws pertaining to annexation. Moreover, the ordinance did not state whether the subject area contains ten or more inhabitants or less than ten inhabitants. Section 171.04, Fla.Stat., F.S.A.[2] sets out the procedure for annexation of unincorporated tracts of land and the statute must be strictly followed. It was not so followed here. The ordinance did not merely declare an intention to annex; it purported, in fact, to annex in praesenti,[3] See Town of Mangonia Park v. Homan, inf.ra.
The chancellor, as stated, found the ordinance invalid and held the proposed *729 annexation impracticable and unjustified. The defendant has failed to demonstrate that such finding is erroneous. Apparently such findings on the merits were based upon the pleadings and the affidavit filed in support of plaintiffs’ motion for summary judgment. Attached to this affidavit was a copy of a' comprehensive six page final decree entered in the previous suit, which decree made detailed findings of fact with reference to the same situation. Although the suits arose from separate ordinances, substantially the same parties and subj ect matter — and essentially the same substantive issues — were involved. The first decree was not appealed, and by collateral estoppel the defendant may not now successfully attack the finding that the land was not ripe for annexation, particularly since the defendant was also found not presently equipped to supply municipal services to the additional territory. Inasmuch as these presently unassailable facts were established, plaintiffs were entitled to summary judgment as a matter of law. Cf. Town of Mangonia Park v. Homan, Fla. App.1960, 118 So.2d 585, 588:
“ * * * Where the power to’ extend boundaries has been delegated to a municipal corporation, the power must be exercised in strict accord with the statute conferring it. 37 Am.Jur. Municipal Corporations, Section 24.
“The Chancellor, however, was completely comprehensive in ruling objectively on the merits of the proposed annexation and finding it impracticable and unjustified. The Town of Man-gonia Park had no public water supply, no sidewalks, no sewage disposal system, no recreational facilities, and its streets and business section were largely undeveloped. Within its boundaries of four hundred and eighty acres it had an estimated maximum population of seven hundred and fifty or about one and one-half persons per acre. The town is no doubt an ambitious and flourishing young community, but there was no imminent need for the additional territory.
“The lands to be annexed were low, swampy and undeveloped except for a few access roads. * * * ”
It is unnecessary to discuss defendant’s remaining contentions. The burden was on the party appealing to demonstrate prejudicial error. This burden was not met, so the decree must be affirmed.
Affirmed.
SHANNON, C. J., and KANNER and SMITH, JJ., concur.

. Spec.Laws 1923, Chap. 9719 (Town Charter) contains no authorization for extension of corporate boundaries, other than that provided by, general laws. See Chapter 171, Florida Statutes 1961.

. F.S. 171.04 “* * * If such tract contains less than ten registered electors, the council of said city or town shall, by ordinance duly passed and approved as provided by law, declare its intention to annex such tract of land to said city or town at the expiration of thirty days from the approval of said ordinance, which said ordinance shall thereupon be published once a week for four consecutive weeks in some newspaper published in such city or town; * * *. If the tract of land so proposed to be annexed contains ten or more registered electors, the ordinance proposing to annex said tract of land shall be submitted to a separate vote of the registered electors of the said city or town and of said tract of land. * * * ” (Emphasis supplied)

.“Section 1. That the present corporate limits of the Town of Crystal River * * * be and the same are hereby *729 extended, to include all that territory embraced in the following limits and boundaries * * *

and that said territory as above described shall be added to the existing boundaries of the Town of Crystal River.
* * * * *
“Section 4. That the territory above described to be annexed shall be and the same is hereby zoned for residential use only.” (Emphasis supplied)