309 So.2d 16 (1975)
CITY OF ORLANDO, Appellant,
v.
ORANGE COUNTY, a Political Subdivision of the State of Florida, and State of Florida, Appellees.
No. 74-1279.
District Court of Appeal of Florida, Fourth District.
February 14, 1975.
Rehearing Denied March 26, 1975.
James A. Fowler, Asst. City Atty., Orlando, for appellant.
Steven R. Bechtel, of Mateer & Harbert, P.A., Orlando, for appellee Orange County.
DOWNEY, Judge.
Appellee, Orange County, sued the appellant, City of Orlando, praying for an injunctive and declaratory relief arising out of the passage of three city ordinances whereby the City of Orlando purported to annex three unincorporated islands. Essentially, the complaint charged that the city had not complied with the requirements of the special act authorizing the annexation; that no municipal benefits were available; and that it was not in the best interests of the city nor the island residents to be incorporated into the city. Appellee's complaint prayed that the city be enjoined from exercising municipal jurisdiction, services, or control over the property. Thus, it is apparent that the effect of the relief sought is to oust the three islands from the corporate limits of the city.
The trial court granted appellant's motion to dismiss that aspect of the complaint which sought relief as a class suit, but it denied the motion as to the injunctive and declaratory relief. In our judgment the failure to dismiss the entire complaint was error.
There is but one form of action available in Florida to invalidate or change municipal boundaries and that is by quo warranto. Caldwell v. Losche, Fla.App. 1959, 108 So.2d 295, involved a suit by a property owner to enjoin the City of Tayares from exercising jurisdiction over his land which he maintained was improperly included in the corporate boundary. The court noted the theory and purpose of the suit was to have the plaintiff's land excluded from the municipal limits of the town. Regarding the form of the action the court stated:
"The rule is generally recognized and has long been established in Florida jurisprudence that the proper method of *17 seeking relief where a municipality has undertaken to exercise jurisdiction or control over land should be through a quo warranto proceeding. City of South Miami v. State, 1939, 140 Fla. 740, 192 So. 624; State ex rel. Harrington v. City of Pompano, 1938, 136 Fla. 730, 188 So. 610, 615; and 74 C.J.S. Quo Warranto § 4, p. 181, and § 13, p. 196."
The question arises why an action for injunction or for declaratory judgment might not serve appellee's purpose. The reason why appellee must seek relief by means of a quo warranto action is not rigid adherence to archaic forms of pleading, but rather the effect of one form of action relative to another. To begin with, under appellee's present complaint for injunction the action would be tried by the court. However, if this action is brought under an information for quo warranto, either party might invoke the right to have factual issues tried by a jury. See cases cited at 27 Fla.Jur., Quo Warranto, § 51. Further, in the Caldwell case, supra, the court pointed out:
"The purpose of the appellee is to have his parcel of land ousted from the municipal boundaries of the Town of Tavares so that the town cannot assert any jurisdiction over it. However, the result accomplished by an injunction decree restraining taxation of lands by a municipality does not alter the boundary lines of the municipality but prevents taxation of the lands while they receive no actual or potential benefit by being included within the boundary limits of the municipality. Riviera Club v. City of Ormond, 1941, 147 Fla. 401, 2 So.2d 721."
In fairness we should point out that appellee is not without authority for utilizing the form of action chosen here. In Smith v. Ayres, Fla. 1965, 174 So.2d 727, the Supreme Court decided a somewhat similar case based upon a complaint for injunction. And in Town of Mangonia Park v. Homan, Fla.App. 1960, 118 So.2d 585, the Second District Court of Appeal acted similarly. There is no accounting for those decisions except that the question under consideration was never raised nor decided. In this case the appellant raised it below, it has raised it here, and we have decided it.
Accordingly, the interlocutory order appealed from is reversed, and the cause remanded with directions to dismiss the complaint without prejudice.
OWEN, C.J., and CROSS, J., concur.