327 So.2d 7 (1976)
ORANGE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
CITY OF ORLANDO, a Municipal Corporation, Organized and Existing under the Laws of the State of Florida, Respondent.
No. 47192.
Supreme Court of Florida.
January 28, 1976.
Steven R. Bechtel of Mateer, Harbert, Bechtel & Phalin, Orlando, for petitioner.
James A. Fowler, Asst. City Atty., for respondent.
OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review the decision *8 of the Fourth District Court of Appeal reported at 309 So.2d 16 (Fla.App. 4th 1975). The decision appears to conflict with Smith v. Ayres, 174 So.2d 727 (Fla. 1965), and does conflict with Town of Mangonia Park v. Homan, 118 So.2d 585 (Fla.App.2d 1960), although it is in accordance with Caldwell v. Losche, 108 So.2d 295 (Fla.App.2d 1959). We have jurisdiction to harmonize these decisions.[1]
Petitioner Orange County commenced this action against respondent City of Orlando for injunctive and declaratory relief from annexation ordinances of the City of Orlando. The District Court held that equitable relief was improper since petitioner had an adequate remedy at law available in a quo warranto inquiry into the legality of such municipal action, citing Caldwell v. Losche, supra. The opinion distinguished Smith v. Ayres, supra, and Town of Mangonia Park v. Homan, supra, on the grounds that the quo warranto issue was not raised in either of those cases.
While the District Court so distinguished Town of Mangonia Park v. Homan, supra, the court in that case did consider the appropriateness of a quo warranto proceeding and declined to dismiss the equitable action upon that ground. Direct conflict is therefore apparent.
We agree with the opinion of the Fourth District Court of Appeal in the instant case for the reasons expressed therein, and affirm. Petitioner has an adequate remedy at law in quo warranto. In the event quo warranto is not available, i.e., the Attorney General refuses to allow quo warranto to proceed, then an action for injunctive and declaratory relief would be proper.
The conflict previously appearing in opinions of the District Courts and this Court having been dispelled, the writ heretofore issued is discharged.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and ENGLAND, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.