HURLEY, Judge.
Appellant, the City of Sunrise, brings this appeal pursuant to Rule 9.130(a)(3)(B), Fla. R.App.P., to challenge the issuance of a temporary injunction. The record reveals that the appellee, the Town of Davie, failed to establish a likelihood of irreparable injury and the unavailability of an adequate remedy at law. Therefore, we quash the temporary injunction.
The underlying cause of action involves an effort by the Town of Davie to permanently enjoin the City of Sunrise from enacting an ordinance to annex certain property. The propriety of this action, i. e., whether it is permissible for Davie to seek such permanent injunctive relief, is not before us and we refrain from expressing an opinion on that issue. We deal only with the narrow question of whether the trial court abused its discretion by issuing a temporary injunction.
The prerequisites for a temporary injunction were set forth in Department of Business Regulation v. Provende, Inc., 399 So.2d 1038 (Fla.3d DCA 1981):
In deciding whether it may exercise the constitutional grant of jurisdiction to issue temporary injunctive relief, the court must decide whether the petitioner has established the elements which the courts have found necessary to the granting of injunctive relief: (a) the likelihood of irreparable harm, and the unavailability of an adequate remedy at law, (b) the substantial likelihood of success on the merits, (e) that the threatened injury to petitioner outweighs any possible harm to the respondent and, (d) that the granting of preliminary injunction will not deceive the public interest. Id. at 1041 (emphasis supplied).
We have carefully reviewed the evidence which Davie presented to support the motion and cannot discern anything that would substantiate a finding of a likelihood of irreparable harm. In particular, Davie failed to establish the unavailability of an adequate remedy at law. Our Supreme Court in Orange County v. City of Orlando, 327 So.2d 7 (Fla.1976), indicated that quo warranto, a proceeding at law, is the proper method for testing municipal annexation. The court, however, noted the following exception:
In the event quo warranto is not available, i. e., the Attorney General refuses to allow quo warranto to proceed, then an action for injunctive and declaratory relief would be proper. Id. at 8.
Since Davie failed to plead and prove that quo warranto is unavailable, it did not meet an essential requirement for injunctive relief. Therefore, we are compelled to hold that the trial court abused its discretion and that the temporary injunction must be QUASHED.
ANSTEAD and HERSEY, JJ., concur.