715 So.2d 1105 (1998)
Dines C. DAS, etc., et al., Appellants,
v.
OSCEOLA COUNTY, etc., et al., Appellees.
No. 97-2802.
District Court of Appeal of Florida, Fifth District.
August 14, 1998.
Raymond B. Vickers, P.A., William A. Friedlander, and John K. Folsom, Tallahassee, for Appellants.
Gordon H. Harris, Kent L. Hipp and G. Robertson Dilg of Gray, Harris & Robinson, P.A., Orlando, for Appellee Central Florida Pipeline Corporation.
Rich Stringer, Special Counsel to Osceola County, St. Cloud, for Appellee Osceola County.
PETERSON, Judge.
Dines C. Das, et al., appeal an order amending a writ of mandamus entered on remand from this court's decision in Das v. Osceola County, 685 So.2d 990 (Fla. 5th DCA 1997) (Das I).
The facts and the controversy giving rise to the instant appeal are set forth in our earlier opinion. In summary, Central Florida Pipeline Corporation ("CFP"), filed a petition in eminent domain on July 12, 1995, seeking a permanent easement over appellant's property to construct and maintain a liquefied petroleum pipeline. The appellants then filed a cross-claim against Osceola County asserting that the county failed to follow its comprehensive plan when it determined that CFP's pipeline was exempt from the plan and sought mandamus to compel the county to follow its comprehensive plan. The county claimed that the cross-claim was time barred and that the court lacked subject matter jurisdiction to hear the cross-claim because section 163.3215 of the Growth Management Act, was the sole mechanism for challenging a development order because of inconsistency with a comprehensive plan. The statute requires the aggrieved person to file a verified complaint no later than 30 days after the alleged inconsistent action has taken place and Osceola County claims that the *1106 challenge was not timely. Das at 992. The trial court agreed with the county's argument and dismissed the cross-claim.
In Das I, this court rejected the county's argument that either the tree removal permit that it had granted to CFP pertaining to trees on appellants' land, or a letter that the county sent to CFP stating that the pipeline was exempt from the comprehensive plan, constituted a "development order." This court, noted that the county, in its action of permitting the tree removal and stating that the construction and development of the pipeline was exempt, never gave any kind of notice to appellants of the decisions:
[Appellants] have had a pipeline placed underground on their property without notice that Osceola County had determined that such placement was consistent with the Comprehensive Plan. [Appellants] had no way to timely challenge that determination because they were never given notice that Osceola County was considering the consistency of the pipeline with the Comprehensive Plan.
Id. at 994. The opinion also noted that subsection 163.3181(1) states that it is the intent of the legislature that the public participate in the comprehensive planning process to the fullest extent possible and that toward that end, procedures should be adopted which provide "real property owners with notice of all official actions which will regulate the use of their property." Id. The opinion then concluded:
In order to fulfill the statutory purpose, Osceola County had an obligation to use a procedure designed to provide [appellants], as the effected landowners, notice within 30 days of the governmental action within which affected their land. Had they received timely notice that Osceola County had determined that the pipeline was a "consistent use" under the Comprehensive Plan, [appellants] could have timely challenged the determination. We acknowledge that a public hearing or a public notice would not be needed in every instance, for example, where a homeowner seeks a permit to add an extra room. However, notice is required where a proposed project will affect the property of a party other than the one seeking the permit. A county should, at the least, issue an order for a permit of public record before the rights of the public to file a consistency challenge are foreclosed by the expiration of time.
Reversed and Remanded for further proceedings.
Id.
Following remand, the trial court, on June 30, 1997, initially issued a writ of mandamus which compelled Osceola County:
[T]o hold a public hearing with public notice adequate to apprise all affected parties of the hearing, during which the consistency of [CFP's] petroleum pipeline with the Osceola County Comprehensive Plan shall be considered and ruled upon, and to issue a development order on the public record.
CFP filed a motion for rehearing and the trial court entered a writ of mandamus commanding Osceola County:
[T]o issue notice of its consistency determination to all persons or entities owning property through which the [CFP] petroleum pipeline passes in Osceola County, which notice shall be sufficient to provide such property owners with the ability to file a challenge to the county's determination by using the procedure provided by Chapter 163....
However, based on the representations of counsel for the county at the rehearing on the writ of mandamus, the April 1997 letter from the county's planning director confirming its determination and the reason therefore which was provided by the certified mail to [appellants] and all other property owners through whose property the pipeline project passes, and the [appellants'] chapter 163 complaint filed with this court on July 10, 1997, the court finds that the controversy is MOOT as the county has complied with the Fifth District Court of Appeal's directive.
This writ of mandamus is a substitute for and replacement to the writ entered by this court on June 30, 1997.
The appellant appeals from this writ of mandamus. The appellant asserts that this court in Das I, "intended for the County *1107 to hold a public hearing with due notice and an opportunity to be heard prior to any consistency determination." In Das I, however, the only reference to a public hearing in the opinion is the observation that "[c]ontrary to the trial court's finding, the gravamen of [appellants'] claim is that" they are entitled to such a public hearing. Id. at 993 (emphasis added).
This court never expressed any "intent" that such a hearing was necessary. We did find and hold that in order to exercise the intent of the Growth Management Act, in general, that:
Osceola County had an obligation to use a procedure designed to provide [appellants] as the affected landowners, notice within 30 days of the government action which affected their land.
Id. at 994 (emphasis added). When we directed Osceola County to use a "procedure," we did not specify that the county hold a public hearing prior to making its consistency determination affecting appellants' land. Granted, the opinion does not preclude a public hearing, but neither does it preclude a process less encompassing. The opinion does provide that in order to comply with the statutory purpose, that once a decision is made, the appellants should be given a reasonable notice so that they can utilize the procedure set forth in section 163.3215 to challenge the decision.
The trial court found the instant controversy moot when the county sent to appellants a letter by certified mail stating that the planning department of the county had found that the pipeline violated no provisions of the county's Comprehensive Plan. The last paragraph of this letter states:
Please be further advised that you may have a right to challenge this determination pursuant to Chapter 163, Florida Statutes. If so, you must proceed pursuant to the provisions of section 163.3215, Florida Statutes, within 30 days.
Section 163.3215 allows an "aggrieved party" to bring suit against a local government to prevent the latter from taking action on a development order. A development order as defined in section 163.3164 is an order granting, denying or granting with conditions, an application for a "development permit." A development permit "includes any building permit, zoning permit, subdivision approval, rezoning, certification, special exception, variance, or any other official civil action of local government having the effect of permitting the development of land." § 163.164(8).
The county, by its letter to appellants in which the prior decision of this court was specifically referenced, and in which the determination was set forth that the pipeline over appellants' land violated no provision of the county's Comprehensive Plan, and in which the right to challenge the approval was specifically set forth, satisfied this court's directive to "use a procedure designed to provide [appellants] as the affected landowners, notice within 30 days of the governmental action which affected their land."
Appellants also claim that the county's "after the fact" notice to them of the county's decision to find the pipeline to be consistent with the Comprehensive Plan was a violation of due process. Appellants argue they had a right to be heard before a decision affecting their property is reached. However, the decision made was simply that the Comprehensive Plan of the county did not require a permit or prohibit a utility pipeline from traversing appellants' property pursuant to the property's future land use classification and the Comprehensive Plan in general.
Appellants cite U.S. v. James Daniel Good Real Property, 510 U.S. 43, 47, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) to support their argument that prior notice is constitutionally required. Good, however, involved the federal government's seizure of property in a forfeiture matter. No seizure of property ever took place in the instant case.
In sum, this court did not rule in Das I, that either due process or Chapter 163 requires that a public hearing be held prior to the county's determination. This court did take the reasonable approach that adequate notice of the decision administratively made should be given to the affected property owners, to afford them the opportunity to utilize the 30-day procedure set forth in section 163.3215. The appellants, by having received *1108 Osceola County's letter in April of 1997, were specifically informed that they had 30 days to challenge the county's decision. Neither due process, section 163.3215, nor this court in Das I, required more.
The order finding this controversy moot is affirmed.
AFFIRMED.
W. SHARP and THOMPSON, JJ., concur.