733 So.2d 576 (1999)
CITY OF TALLAHASSEE, Petitioner,
v.
Robert KOVACH and Carrie Kovach, Respondents.
No. 98-2413.
District Court of Appeal of Florida, First District.
May 19, 1999.
Rehearing Denied June 22, 1999.
*577 James R. English, City Attorney, and Linda R. Hurst, Assistant City Attorney, Tallahassee, for Petitioner.
Robert C. Apgar and Yeline Goin of Apgar and Pelham, Tallahassee, and Harry Morrison, Jr. of Florida League of Cities, Inc., Amicus in support of Petitioner.
Randall E. Denker of Lehrman and Denker, Bradfordville, for Respondents.
KAHN, J.
The City of Tallahassee (City) appeals an order granting final summary judgment in both certiorari and mandamus in favor of appellees, Robert and Carrie Kovach. We treat this appeal as a petition for certiorari, grant the petition, and remand with directions that judgment be entered in favor of the City. See Sheley v. Florida Parole Comm'n, 720 So.2d 216 (Fla.1998); Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995); Fla. R.App. P. 9.040(c).
In June 1996, the City received a petition for voluntary annexation for approximately 124 acres of vacant land on Centerville Road in Leon County. The City annexed the property on December 11, 1996, by approving Ordinance # 96-O-0020AA. On January 10, 1997, the Kovachs challenged the annexation by filing a Complaint for Writ of Mandamus, Injunctive and Other Relief. The Kovachs own a home on several acres adjacent to Centerville Road, in Leon County, and surrounded on three sides by the annexed property. The City and the Kovachs each filed motions for summary judgment. In their motion, the Kovachs requested relief in certiorari and mandamus. The circuit court denied the City's motion and granted the Kovachs' motion on both grounds.
Seeking relief in this court, the City argues that the circuit court erred in finding that the Kovachs had standing to challenge the annexation by certiorari pursuant to chapter 171. The question of the Kovachs' standing is dispositive of the question of their entitlement to certiorari relief. Purporting to refer to the wording of section 171.031(5), Florida Statutes (1995), the final judgment entered below conferred standing upon the Kovachs:
Standing is established because the Plaintiffs are "in" the area to be annexed as required by Chapter 171, Florida Statutes, due to the undisputed fact that Plaintiffs are surrounded by the area to be annexed on three sides and the only other boundary line is a county road. Therefore, Plaintiff's property is almost totally encapsulated by the proposed annexation and they are residing within the area to be annexed.
This construction of section 171.031 is plainly erroneous. In annexation matters, section 171.081, Florida Statutes (1995), provides for certiorari review by the circuit court:
Appeal on annexation or contraction. No later than 30 days following the passage of an annexation or contraction ordinance, any party affected who believes that he or she will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established for *578 annexation or contraction as they apply to his or her property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari. In any action instituted pursuant to this section, the complainant, should he or she prevail, shall be entitled to reasonable costs and attorney's fees.
In section 171.031(5), Florida Statutes (1995), the Legislature has provided a definition of "parties affected":
any persons or firms owning property in, or residing in, either a municipality proposing annexation or contraction or owning property that is proposed for annexation to a municipality or any governmental unit with jurisdiction over such area.
The trial court sought to avoid the limited grant of standing by finding that the Kovachs are "in" the area to be annexed. Even were we to accept the semantic truth of this finding, it would not bring the Kovachs under the statute. For purposes of this case, the statute provides standing for three classes of parties: (1) persons or firms owning property in the City; (2) persons or firms residing in the City; and (3) persons or firms owning property that is proposed for annexation. The Kovachs did not claim to fall under any of these three categories. Instead, they convinced the trial court that because their property is in close proximity to the property proposed for annexation, they had statutory standing. Nothing in the statute, however, conveys standing upon such a class of persons.
By its determination that the Kovachs had standing to bring the statutory challenge, the trial court failed to apply the correct law. Accordingly, we must reverse the certiorari relief afforded by the trial court. See Heggs, 658 So.2d at 530 (explaining that the standard of review for certiorari in the district court "is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law"); Vaillant, 419 So.2d at 626 ("The district court, upon review of the circuit court's judgment [entered on certiorari review of administrative action], then determines whether the circuit court afforded procedural due process and applied the correct law.").
The trial court also determined that the extraordinary remedy of mandamus was available to the Kovachs because "mandamus is the proper remedy to enforce a ministerial duty required by the comprehensive plan where it is clear, as here, that the City is not complying with its own plan." As the City points out, however, challenges to a municipality's annexation of property must be conducted by certiorari pursuant to section 171.081, Florida Statutes. See SCA Servs. of Fla., Inc. v. City of Tallahassee, 418 So.2d 1148, 1149-50 (Fla. 1st DCA 1982), petition for review denied, 427 So.2d 737 (Fla.1983).
In SCA Services, this court explained that, in chapter 171, the Legislature elected to share its exclusive annexation power with municipalities:
Annexation is a power reposing exclusively in the legislature. The vehicle utilized by the legislature to accomplish a municipal annexation is by special act. However, the legislature has determined to share the power to annex with municipal corporations by enacting Chapter 171, Florida Statutes, the "Municipal Annexation or Contraction Act." That act provides that annexation by a municipality is accomplished by passage of a municipal ordinance utilizing the procedures set forth in Chapter 171.
418 So.2d at 1149-50 (citations omitted). The court further explained that a challenge to an annexation ordinance focuses on chapter 171 and section 171.081 provides the only way by which to challenge a municipality's failure to comply with chapter 171:
Because the challenged annexations at bar were accomplished by several ordinances, any assault upon those ordinances focuses upon Chapter 171. By *579 its own terms, "[t]he purposes of this act [Chapter 171] are to set forth procedures for adjusting the boundaries of municipalities ... and to set forth criteria for determining when annexations... may take place...." Reading the purposes of the act in pari materia with the legislative mandate in Section 171.022, preempting all other means by which a municipality may accomplish an annexation on its own, it is apparent that the legislature intended to provide a clearly defined and exclusive method by which an annexation could be accomplished.
The legislature has also set forth in Section 171.081 the method by which judicial review of any annexation by ordinance must be sought. Again, reading Section 171.081 in pari materia with the foregoing sections on preemption and the purposes of the act, it is apparent that the legislature has manifested its intent that there be a sole and exclusive procedure for challenging a municipal government's failure to comply with Chapter 171, Florida Statutes. This procedure requires that the complainant: (1) be a "party affected"; (2) allege "that he will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in" Chapter 171 "or to meet the requirements established for annexation ... as they apply to his property"; (3) file his complaint seeking judicial review within thirty days following passage of the annexation ordinance, and (4) seek review by certiorari in circuit court.
SCA Servs., 418 So.2d at 1150 (citations and footnotes omitted).
Because the Kovachs are challenging the City's annexation ordinance, any such challenge must be brought pursuant to section 171.081. Therefore, no clear right to mandamus relief exists because chapter 171 provides that the available remedy is by certiorari. See, e.g., State ex rel. Tullidge v. Driskell, 117 Fla. 717, 158 So. 277, 279 (1934) (finding that physician, whose license was revoked by state board of medical examiners, was not entitled to writ of mandamus where statute provided "complete and adequate remedy" by certiorari review in circuit court); Mellon v. Cannon, 482 So.2d 604, 605 (Fla. 5th DCA 1986) (finding that mandamus was inappropriate remedy for driver, whose license had been revoked due to DUI conviction, where statute provided for certiorari review in circuit court).
In finding mandamus relief appropriate, the circuit court relied on the Fifth District's decision in Das v. Osceola County, 685 So.2d 990 (Fla. 5th DCA 1997). Das is distinguishable from this case, however. In Das, the party seeking mandamus alleged that it had not received notice of the governmental action at issue and, therefore, it could not pursue the available statutory remedy. The court determined that if such notice had been provided, the party could have timely challenged the action pursuant to the statutory procedure. See Das, 685 So.2d at 994; see also Das v. Osceola County, 715 So.2d 1105 (Fla. 5th DCA 1998) ("This court did take the reasonable approach that adequate notice of the decision administratively made should be given to the affected property owners, to afford them the opportunity to utilize the 30-day procedure set forth in section 163.3215."). In contrast, the Kovachs have made no such allegation in this case and, indeed, they have timely pursued the exclusive certiorari remedy provided in section 171.081.
Finally, that the Kovachs do not have standing pursuant to section 171.081 does not mean that mandamus is appropriate. See Morse Diesel Int'l Inc. v. 2000 Island Boulevard, Inc., 698 So.2d 309, 312 (Fla. 3d DCA 1997) (explaining that although condominium project owner had been unsuccessful in attempts to have cash bond, which was corpus of pending litigation between owner and general contractor in another circuit court division, reduced or released, those remedies were adequate legal remedies precluding writ of mandamus authorizing release of bond: "The fact *580 that Williams Island was unsuccessful in its attempts to have the bond reduced and/or released with these motions does not render such remedies inadequate."). As explained above, annexation power is exclusive to the Legislature and the Legislature has chosen to share that power, on a limited basis, with municipalities. The Kovachs lack standing to challenge this annexation, pursuant to that limited delegation of authority. They are not, however, deprived of access to courts under article 1, section 21 of the Florida Constitution[*] because, prior to the passage of the Municipal Annexation or Contraction Act, private parties did not have the right to challenge municipal annexations. See Riviera Club v. City of Ormond, 147 Fla. 401, 2 So.2d 721, 722 (1941) ("The alleged invalidity of the corporate boundaries [of the City of Ormond] can be judicially determined only by quo warranto proceedings brought in the name of the Attorney General."); see also McPhail v. Jenkins, 382 So.2d 1329, 1330-31 (Fla. 1st DCA 1980) ("[A]s to the constitutional argument [made under article 1, section 21], we must point out that at common law there was no right of recovery for wrongful death, and we thus distinguish Kluger v. White, [281 So.2d 1 (Fla. 1973),] which was concerned with legislative abrogation of a common law right without providing a substitute remedy."). We would also point out that no development has occurred on the annexed parcel. Accordingly, no determination of the Kovachs' right to challenge future development has been made.
For the foregoing reasons, we GRANT the petition for certiorari and REMAND with directions that judgment be entered in favor of the City.
MINER and LAWRENCE, JJ., concur.
NOTES
[*] Article I, section 21 of the Florida Constitution provides: "The courts shall be open to every person for redress of any injury and justice shall be administered without sale, denial or delay."