LAWRENCE, Judge.
The City of Tallahassee (City) appeals an order granting final summary judgment in favor of the J.R. Sr. and J.M. Thompson Trust (Trust). We treat this appeal as a petition for certiorari, grant the petition, and remand with directions that judgment be entered in favor of the City.
The City annexed a parcel of real estate consisting of 109 acres upon the petition of all owners within the annexed area. The Trust was not given notice of the public hearing approving the annexation, nor was it represented at the hearing. The Trust owns 3.39 acres adjacent to the annexed property with 66 feet of water frontage on a small lake. Other than that portion of the lake bottom to which the Trust holds record title, the boundaries of the lake are entirely within the annexed area. The Trust filed suit in circuit court seeking relief from the annexation ordinance and that order is now before us for review.
The City argues that the Trust lacks standing to challenge the annexation at issue, in that it is not a “party affected” within the meaning of section 171.081, Florida Statutes (1999). The City cites our recent decision in City of Tallahassee v. Kovach, 733 So.2d 576 (Fla. 1st DCA), review denied, 744 So.2d 455 (Fla.1999), in support of its position.
The Trust argues that it has standing because it owns riparian rights in the lake which is being annexed, and thus is an “affected party.” The Trust also argues *588 that because the Trust property shares a common boundary line with the annexed area, it owns property within the annexed area.
Thus, the first issue on appeal is whether the ownership of property with riparian rights in a lake which is the subject of annexation qualifies the owner as an “affected party” within the meaning of section 171.081, Florida Statutes (1999). Kovach supports the City’s position in so far as it goes. However, the issue of riparian rights was not present in that case. Neither of the parties have cited any case with the narrow issue presented here, nor has our independent research produced authority on this point. The Trust’s reliance on case law holding that riparian rights are a recognized property right, the loss of which is compensable, is not persuasive, for in the instant case there is no taking of the Trust’s riparian rights.
The City’s reliance on the definition of “riparian rights” found in section 253.141, Florida Statutes (1999), is also misplaced, for that chapter relates to State-owned lands and the definition is restricted to “land bordering upon navigable waters.” Nevertheless, we find that the better view of “riparian rights” in the context of section 171.081 is that it is not proprietary in nature, but rather a right which inures to the benefit of the riparian owner. Thus, in the absence of any authority to support the Trust’s position that riparian rights qualifies it as an “affected party,” we hold that it has no standing on this basis to challenge the annexation ordinance.
The Trust makes several other arguments, only one of which merits further discussion. The Trust argues that because it shares a common boundary line with the annexed area, it is within the annexed area. We agree that this was not an issue addressed in Kovach. However, we reject this argument as unsupported by authority and inconsistent with any view of real property law of which we are aware.
For the foregoing reasons, we grant the petition for certiorari and remand to the trial court with instructions to enter judgment in favor of the City.
REVERSED and REMANDED.
ERVIN and PADOVANO, JJ., CONCUR.