[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14816
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-14028-JEM

EUGENE ROWLEY,
JANE ROWLEY,

Plaintiffs-Appellants,

versus

CITY OF FORT PIERCE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 13, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Eugene Rowley and Jane Rowley appeal from the district court's dismissal of their third amended complaint against Defendant-Appellee City of Fort Pierce (the City).  The district court concluded the complaint failed to state a plausible claim to invalidate the City's annexation of the Rowleys' property because the Rowleys failed to timely challenge the annexation under Florida law.  The district court further determined the Rowleys conceded they failed to state a due-process claim because they offered no argument in response to the City's contention that state law provided an adequate means to challenge the annexation.  After de novo review,[1] we affirm.

## I.  BACKGROUND

In 2007, the Rowleys purchased real property located in an unincorporated portion of St. Lucie County, Florida.  Around that time, other parcel owners in the Rowleys' development entered into voluntary annexation agreements with the City, but the Rowleys did not do so.  Despite having knowledge that the Rowleys did not voluntarily agree to the annexation, the City enacted an ordinance on December 2, 2013, by which it annexed the properties from the Rowleys'

---

[1] We review de novo a district court's grant of a motion to dismiss for failure to state a claim, applying the same standard as the district court.  *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

development, including the Rowleys' property. The Rowleys did not receive direct notice of the annexation until two days later, on December 4, 2013.[2]

Despite receiving actual notice in December 2013, the Rowleys waited until March 2015 to challenge the annexation. That challenge came in the form of a state-court lawsuit brought against the City, claiming it was negligent in conducting the annexation. The Rowleys' initial complaint was dismissed with leave to amend, as were their first and second amended complaints. In their third amended complaint, the Rowleys asserted for the first time a claim that the City's annexation procedure violated their constitutional right to due process.

Based on the addition of the constitutional claim, the City removed the case to federal court and moved to dismiss the third amended complaint. The City argued the Rowleys' state-law claims seeking to invalidate the annexation were improper and untimely, because § 171.081(1) of the Florida Statutes requires any challenge to an annexation ordinance be brought in a state circuit court within 30 days of the ordinance's passage. *See* Fla. Stat. § 171.081(1). With respect to the Rowleys' due-process claim, the City argued the third amended complaint's allegations were inadequate, and the due-process claim would fail in any event because state law provided an adequate remedy to address any alleged deprivation.

---

[2] Before the annexation, the City published notice in the Rowleys' local newspaper.

3

The Rowleys responded by arguing that the annexation was legally void because the City failed both to provide adequate advance notice and to follow other procedures required under state law.  The Rowleys also contended § 171.081 of the Florida Statutes was inapplicable to a voluntary annexation, and § 171.044(6) allowed the Rowleys to bring a claim independent of § 171.081.  Conspicuously absent from the Rowleys' response was any mention of due process.  Indeed, the Rowleys' response made only a passing reference to the Constitution, in a topic heading that said the City "filed [sic] to give notice to Plaintiffs as required under the Constitution and under Florida Statutes."  USDC Doc. 13 at 2.  The Rowleys did not elaborate as to how the process they received was constitutionally inadequate, nor did they cite any federal authority discussing the requirements of due process.

The district court agreed with the City that § 171.081(1) provides the exclusive means by which a party may challenge an annexation ordinance, and the Rowleys failed to timely avail themselves of the procedure outlined in § 171.081(1).  The district court further concluded that, because the Rowleys offered no substantive response to the City's arguments concerning due process, the deficiencies in their due-process claim were conceded.  The third amended complaint was therefore dismissed, and the Rowleys timely appealed.

## II.  DISCUSSION

### A.  *State Law*

The First District Court of Appeals in Florida has determined that § 171.081 of the Florida Statutes provides the exclusive means by which a party may challenge an annexation ordinance.  *See City of Tallahassee v. Kovach*, 733 So. 2d 576, 579 (Fla. 1st DCA 1999) ("Because the Kovachs are challenging the City's annexation ordinance, any such challenge must be brought pursuant to section 171.081."); *SCA Servs. of Fla., Inc. v. City of Tallahassee*, 418 So. 2d 1148, 1150 (Fla. 1st DCA 1982) ("The legislature has . . . set forth in Section 171.081 the method by which judicial review of any annexation by ordinance may be sought. . . . [R]eading Section 171.081 *in pari materia* with the . . . sections on preemption and the purposes of the act, it is apparent that the legislature has manifested its intent that there be a sole and exclusive procedure for challenging a municipal government's failure to comply with Chapter 171, Florida Statutes." (footnotes omitted)).  We are bound by that interpretation of state law, barring persuasive evidence that the Florida Supreme Court would rule differently.  *See Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009).

The Rowleys contend the above cases, holding that § 171.081 provides the exclusive means for challenging an annexation ordinance, have been abrogated by subsequent amendments to the Florida Statutes.  Because this argument was not

presented to the district court, it has been waived.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

But even if the argument were not waived, we would disagree with the Rowleys' contentions concerning the effect of subsequent amendments to the Florida Statutes.  The amendments made to § 171.081 suggest an intent to require challenges from governmental entities to first proceed through conflict-resolution procedures.  *See* Fla. Stat. § 171.081(2).  The changes to § 171.081 do not suggest the legislature intended to allow individuals wishing to challenge an annexation to proceed outside of the procedures outlined in § 171.081(1).

Likewise, the amendments to §§ 171.042(2) and 171.044(6) do not suggest challenges can be raised outside of § 171.081; rather, those amendments merely indicate that certain procedural failings that previously would not have provided a cause of action for invalidating an annexation may now provide the basis for such a cause of action when asserted through the process outlined in § 171.081.  *See* Fla. Stat. §§ 171.042(2), 171.044(6).  We see no persuasive evidence suggesting prior cases interpreting § 171.081 no longer control the issue of whether the statute provides the sole means by which to challenge an annexation ordinance.  Thus, the district court did not err by concluding the Rowleys failed to avail themselves of the sole means for invalidating an annexation ordinance under Florida law.

## B.  Due Process

With respect to due process, the Rowleys again raise arguments they did not present to the district court.  *See Access Now*, 385 F.3d at 1331 (11th Cir. 2004).  The Rowleys nevertheless contend we should address these newly raised arguments because the Rowleys *implicitly* argued a due-process violation to the district court.  They reason that, because they argued the annexation was legally void before the district court, they implicitly refuted the City's argument that the requirements of due process were satisfied by the availability of a challenge under § 171.081.[3]

More specifically, the City argued in its motion to dismiss that, because § 171.081 provided the Rowleys an adequate means to address any allegedly unconstitutional deprivation of their property, the Rowleys received due process.  According to the Rowleys, however, "§ 171.081 cannot be an adequate remedy at law because it contains a time limit to object to an annexation, notwithstanding that the annexation was void because of due process notice violations."  Reply at 7.  In

---

[3] The Rowleys also suggest that, even if they failed to preserve their due-process arguments, we should consider their arguments on appeal under one of the recognized exceptions to our waiver doctrine.  We disagree.  The Rowleys had a full and fair opportunity to challenge the annexation under state law, yet they chose not to do so.  Declining to consider the arguments the Rowleys raised for the first time on appeal—in an attempt to explain why it was unnecessary for them to comply with the annexation-challenge procedures provided under state law—would not result in a "miscarriage of justice" or place "substantial justice . . . at stake."  *Access Now*, 385 F.3d at 1332 (quotation omitted).  Nor is it "beyond any doubt" that the Rowley's due-process arguments would be resolved in their favor.  *Id.*  We are similarly unconvinced that the Rowley's due-process arguments, when considered in the context of their untimely challenge and the unique factual circumstances of this case, "present[] significant questions of general impact or of great public concern."  *Id.*

other words, the annexation violated due process (regardless of the availability of § 171.081), because the annexation violated due process. This, of course, is circular reasoning.

Perhaps the Rowleys intended to argue that due process requires adequate prior notice before an annexation ordinance may be passed, regardless of any post-annexation procedures provided to challenge the process by which the ordinance is passed. But that argument was not articulated to the district court and, even if the argument were not waived, the Rowleys offer no authority supporting such a rigid view of due-process requirements. *See Mathews v. Eldridge*, 424 U.S. 319, 333–34 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. . . . Due process is flexible and calls for such procedural protections as the particular situation demands." (quotations, citations, and alterations omitted)). Instead, the Rowleys provide only conclusory statements and analogies to materially distinguishable cases—cases that do not involve either an annexation or a plaintiff's failure to timely comply with procedures established for challenging the alleged deprivation of which he or she complains.[4]   Based on the arguments and authorities provided

---

[4] *See, e.g.*, *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490–91 (1988) (involving a challenge to a nonclaim statute that allowed an estate to extinguish creditors' claims without providing actual notice of the event triggering the deadline for preserving the claims); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 794–95 (1983) (involving a challenge to a quiet-title suit where a mortgage holder's interest in property was extinguished as a result of a tax-foreclosure sale of which the mortgage holder did not receive notice until after the statutory

by the Rowleys (even those provided for the first time on appeal), we cannot conclude the district court erred by dismissing the Rowleys' procedural due-process claim.[5]

## III.  CONCLUSION

We affirm the district court's dismissal of the Rowleys' third amended complaint.

**AFFIRMED**.

---

redemption period had expired); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 311 (1950) (involving a timely challenge to a judicial settlement of accounts).

[5] We do not suggest an annexation could survive a properly raised due-process challenge where the affected party did not receive actual notice in time to challenge the annexation under § 171.081.  But that is not the case here.  The Rowleys acknowledge receiving actual notice of the annexation at least 28 days before the period provided in § 171.081 expired.  Thus, they cannot argue a lack of actual notice prevented them from raising a timely objection to the annexation.

9