473 So.2d 1387 (1985)
CITY OF SUNRISE, a Municipal Corporation, Appellant,
v.
BROWARD COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 84-1715.
District Court of Appeal of Florida, Fourth District.
August 21, 1985.
Arthur B. Parkhurst of Parkhurst & Carlson, Fort Lauderdale, for appellant.
Susan F. Delegal, Gen. Counsel, and Richard Doody, Asst. Gen. Counsel, Fort Lauderdale, for appellee.
*1388 DOWNEY, Judge.
The petitioner, City of Sunrise, received a petition for voluntary annexation pursuant to section 171.044, Florida Statutes (1983), from owners of approximately 800 acres of the 1,237 acres that comprise the development known as Bonaventure, requesting that unincorporated lands owned by said owners be annexed into the City. After a public hearing as required by law, petitioner passed ordinance no. 275 and annexed into the City of Sunrise those portions of Bonaventure that were the subject of the annexation petition.
Respondent, Broward County, filed a petition for writ of certiorari in the Seventeenth Judicial Circuit, challenging the validity of ordinance no. 275. Respondent alleged in the petition that 1) Broward County had standing to maintain such an action; 2) Broward County would suffer material injury as a result of the annexation ordinance; 3) the annexation ordinance created enclaves of unincorporated land surrounded by incorporated land; and 4) the annexation area was not reasonably compact as required by section 171.044, Florida Statutes (1983). The circuit court entered judgment, which found that: 1) Broward County had proper standing as a party affected, and 2) ordinance no. 275 of the City of Sunrise was null and void in that the area annexed was not reasonably compact and created enclaves contrary to the statute.
The matter is now before this court on petition for certiorari filed by the City of Sunrise to review the decision of the circuit court.
Noting initially our limited review in these circumstances as required by City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), and Tomeu v. Palm Beach County, 430 So.2d 601 (Fla. 4th DCA 1983), we conclude that appellant received procedural due process in the circuit court and that correct legal principles were applied. Actually, no contention is made that due process was not afforded petitioner. The entire thrust of petitioner's argument concerns the application of the legal principles involved. Sunrise contends Broward County had no standing; that it did not carry its burden of proof in the circuit court proceeding and that the circuit court misinterpreted the statutory requirement of compactness and the prohibition against the creation of enclaves.
Section 171.044, Florida Statutes (1983), authorizes owners of real property in an unincorporated area of a county, which is contiguous to a municipality and reasonably compact, to petition the municipality for annexation. Upon determining that all of the property owners in the area to be annexed have consented, the City may adopt an annexation ordinance at a regular meeting of the governing body. Under this voluntary annexation procedure the only limitations proscribed are that the property be contiguous, reasonably compact and that it not create enclaves. There is no question of contiguity involved here, but the circuit court found that the annexed property was not reasonably compact and that enclaves were created.
In order to understand the concepts of compactness and the prohibition against the creation of enclaves in the context of annexation proceedings, it is helpful to consider the general purpose and goals of a municipal corporation as described by the attorney general in his opinion at 077-18, quoting from 56 Am.Jur.2d Municipal Corporations, Etc. § 69:
The legal as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies, a collective body of inhabitants  that is, a body of people collected or gathered together in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation.
1977 Op.Att'y Gen.Fla. 077-18, (February 18, 1977) at p. 38.
*1389 Upon review of the record presented to us, the map contained in respondent's appendix clearly supports a finding and holding that the annexed property involved herein is not reasonably compact and it creates several enclaves of county property surrounded by city property, i.e. unincorporated areas are surrounded by property proposed to be annexed into the city. A 1980 Attorney General's Opinion noted that the statutory prohibition against the creation of enclaves seems to contemplate municipal enclaves, and the statute does not purport to prohibit or otherwise regulate enclaves of county land brought about by municipal annexation. 1980 Op.Att'y.Gen. Fla. 080-84 (September 30, 1980). The opinion referred to sections 171.044(1) and 171.031(12) both of which are concerned with and refer to the "area" or the "piece of property" to be annexed and noted that both sections possess the purpose of assuring creation of geographically unified and compact municipalities. Section 171.031(12), Florida Statutes (1983), defines "compactness" as:
concentration of a piece of property in a single area and precludes any action which would create enclaves, pockets, or finger areas in serpentine patterns. Any annexation proceeding in any county in the state shall be designed in such a manner as to insure that the area shall be reasonably compact.
We do not agree with the reasoning set forth in the opinion of the attorney general in that the annexation of property resulting in the creation of enclaves, regardless of whether such an enclave consists of incorporated or unincorporated property, has the effect of frustrating the purpose of the statute, that is, to assure the creation of geographically unified and compact municipalities.
Furthermore, the facts relied upon by the attorney general in his opinion are distinguishable from the circumstances in this case. Initially, the area annexed referred to in the attorney general's opinion created only one enclave and the opinion noted the significance of a county road that abutted the southwesterly boundary of the county parcel, which would allow the county ample access since the road and its right-of-way were not subject to the jurisdiction of the city. In this case, there are several enclaves of unincorporated territory within the newly annexed municipal territory with no access since the municipality has also annexed the roadways. In addition, the attorney general noted that the area was "quite compact" and therefore concluded that the parcel sought to be annexed was "reasonably compact" as required by section 171.044(1). Here, the area sought to be annexed is not reasonably compact since it not only creates enclaves but also annexes finger areas in a serpentine pattern, which is also in violation of the compactness requirement. See definition of "compactness" in section 171.031(12) set forth above.
Finally, we believe the circuit court correctly found that Broward County had standing to seek review of the ordinance in question. Section 171.081, Florida Statutes (1983), authorizes any "party affected" who believes he will suffer material injury by reason of the failure of the city to comply with the statutory procedure for annexation to seek certiorari review of the proposed ordinance. That Broward County is a "party affected" seems clear from the wording of section 171.031(5), Florida Statutes (1983), which defines parties affected as any person or firm owning property in the annexed area of "any governmental unit with jurisdiction over such area." Furthermore, Broward County's allegation that it believes it will suffer a material injury through the loss of tax revenue caused by the annexation of that portion of unincorporated Broward County satisfies the second criterion of section 171.081.
Having fully considered all of petitioner's arguments within the limited confines of the appellate review afforded at this stage of the proceedings, we hold the circuit court afforded procedural due process to the petitioner and applied the correct legal principles in reaching its decision below.
Accordingly, the petition for certiorari is denied.
LETTS and BARKETT, JJ., concur.