Mr. J. David Langford City Attorney City of Avon Park 118 S. Anoka Avenue Avon Park, Florida 33825
Dear Mr. Langford:
This is in response to your request for an opinion on substantially the following question:
 DOES s. 171.044, F.S., PERMIT THE CITY OF AVON PARK TO VOLUNTARILY ANNEX A PARCEL OF PROPERTY, WHICH ON ONE SIDE IS CONTIGUOUS TO THE MUNICIPALITY BUT IS SEPARATED FROM THE MUNICIPALITY BY A BODY OF WATER AND WHICH IS SURROUNDED ON THE OTHER SIDES BY UNINCORPORATED TERRITORY?
The property proposed to be annexed is roughly quadrilateral in shape. According to your letter and the maps attached to your letter of inquiry, a body of water, Lake Glenada, lies between the property in question and the City of Avon Park. The parcel is otherwise surrounded by unincorporated territory of the county. At no point does the land sought to be annexed physically abut any of the municipality's corporate boundaries. The distance across the lake to the property sought to be annexed from the present city limits is approximately 2,000 feet. You have advised this office that the property is owned by the City of Avon Park.
Section 171.044, F.S., controls voluntary annexation of unincorporated land by municipalities in the State of Florida in counties that do not have charters which provide for an exclusive method of municipal annexation. Compare, ss. 171.0413, 171.042 and171.043, F.S., providing for involuntary annexations. See also, ss. 171.021 and 171.022, F.S., stating respectively, in pertinent part, that the purpose of Ch. 171, F.S., is to establish uniform legislative standards throughout the state for the adjustment of municipal boundaries, and that the preemptive effect of the act is to repeal the provisions of any special act or municipal charter relating to the adjusting of municipal boundaries except as provided therein. Section 171.044(1), F.S., authorizes the owner or owners of real property in an unincorporated area of the county, which is contiguous to a municipality and reasonably compact, to petition the municipality for such property to be annexed to the municipality. After determining that the petition bears the signatures of all of the property owners in the area proposed to be annexed, the city may adopt a nonemergency ordinance to annex the property and redefine the municipal boundaries at a regular meeting of the governing body. Section171.044(2), F.S. Under the voluntary annexation procedure set forth in s. 171.044, the only limitations are that the property is contiguous, reasonably compact and that its annexation does not create enclaves. See, City of Sunrise v. Broward County,473 So.2d 1387 (4 D.C.A.Fla., 1985); AGO 77-18.
Subsection (11) of s. 171.031 defines the term "contiguous" to mean
 that a substantial part of a boundary of the territory sought to be annexed by a municipality is coterminous with a part of the boundary of the municipality. The separation of the territory sought to be annexed from the annexing municipality by a publicly owned county park; a right-of-way for a highway, road, railroad, canal, or utility; or a body of water, watercourse, or other minor geographical division of a similar nature, running parallel with and between the territory sought to be annexed and the annexing municipality, shall not prevent annexation under this act, provided the presence of such a division does not, as a practical matter, prevent the territory sought to be annexed and the annexing municipality from becoming a unified whole with respect to municipal services or prevent their inhabitants from fully associating and trading with each other, socially and economically. However, nothing herein shall be construed to allow local rights-of-way, utility easements, railroad rights-of-way, or like entities to be annexed in a corridor fashion to gain contiguity; and when any provision or provisions of special law or laws prohibit the annexation of territory that is separated from the annexing municipality by a body of water or watercourse, then that law shall prevent annexation under this act. (e.s.)
Thus, the fact that a body of water running parallel with and between the territory sought to be annexed and the annexing municipality does not, in and of itself, prevent annexation. However, while the presence of such a division does not prevent the annexation, it must not, as a practical matter, prevent the territory sought to be annexed and the annexing municipality from becoming a unified whole with respect to municipal services or prevent their inhabitants from fully associating and trading with each other, socially and economically. This requirement would appear to pose a problem to the proposed annexation. Based upon my examination of the maps supplied to this office for review, this limitation or qualification would not appear to be satisfied in the instant inquiry since the lake appears to prevent the territory sought to be annexed and the municipality from becoming a unified whole with respect to municipal services and to prevent their inhabitants (if any) from fully associating and trading with each other, socially and economically. Cf., May v. Lee County, 11 F.L.W. 417 (2nd D.C.A., filed Feb. 12, 1986) (property separated from city limits by limited access interstate highway is contiguous to city property where highway does not effectively bar all access from annexed property to city); and see Town of Boynton v. State ex rel. Davis, 138 So. 639 (Fla. 1932) (annexation not permitted where unimproved property cut off from city by inlet and occasionally inaccessible).
Moreover, subsection (12) of s. 171.031, F.S., defines "compactness" to mean "concentration of a piece of property in a single area and precludes any action which would create enclaves, pockets, or finger areas in serpentine patterns. Any annexation proceeding in any county in the state shall be designed in such a manner as to ensure that the area will be reasonably compact." Subsection (5) of s. 171.044, F.S., provides: "Land shall not be annexed through voluntary annexation when such annexation results in the creation of enclaves." As has been pointed out in a previous opinion of this office, the Legislature has not provided a definition of the term "enclaves." See, AGO 77-18. That opinion, among other things, concluded that use of a "strip" or "corridor" such as a highway, as a device to obtain contiguity, for a proposed annexation would not be approved since the requirement of contiguity would not be satisfied and the prohibition against creation of enclaves would appear to prevent annexation of the parcel in question. In AGO 85-58 this office again had before it the question of whether s. 171.044, F.S., permitted a municipality to annex a parcel of property, one side of which was contiguous to a previously annexed corridor, but which was otherwise surrounded by unincorporated land. After considering definitions of enclaves cited in earlier opinions of this office, that opinion concluded that although it appeared that the parcel of property proposed for voluntary annexation was "contiguous" for purposes of s. 171.044, F.S., and s. 171.031(11), F.S., the proposed annexation appeared to result in the creation of a prohibited enclave within the purview of the definition of "compactness" in s. 171.031(12), F.S.
The definition of the term "enclave" provided by Webster's Third New International Dictionary 746 (1981) is "a tract of territory enclosed within foreign territory." The American Heritage Dictionary of the English Language 430 (1979) defines the term to mean "[a]ny distinctly bounded area enclosed within a larger area." See also, AGO 77-18. In City of Sunrise v. Broward County,473 So.2d 1387, 1389 (4 D.C.A. Fla., 1985), the district court stated in regard to enclaves that "the annexation of property resulting in the creation of enclaves, regardless of whether such an enclave consists of incorporated or unincorporated property, has the effect of frustrating the purpose of the statute, that is, to assure the creation of geographically unified and compact municipalities." Although the presence of a body of water, in this situation, a lake, running parallel with and between the territory sought to be annexed and the annexing municipality, arguably does not pose problem to the proposed annexation, it appears that based upon the above definitions, the annexation would result in the creation of a municipal enclave located within unincorporated territory of the county in violation of s. 171.044(5). Similarly, while the physical configuration of the parcel proposed to be annexed is rectangular in shape with no irregularities, it appears that the annexation would create an enclave in violation of s.171.031(12), F.S.
Therefore, I am of the opinion, unless and until judicially determined otherwise, that the City of Avon Park may not voluntarily annex a parcel of property separated from the municipality by a lake and otherwise surrounded by unincorporated land when such annexation would result in the creation of a municipal enclave surrounded by unincorporated property and when such property would be geographically isolated from the municipality preventing, as a practical matter, the property to be annexed and the municipality from becoming a unified whole.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General