504 So.2d 10 (1986)
CITY OF TAMPA, a Municipal Corporation, Petitioner,
v.
HILLSBOROUGH COUNTY, a Political Subdivision of the State of Florida, Respondent.
No. 86-2457.
District Court of Appeal of Florida, Second District.
December 30, 1986.
*11 Gina K. Grimes, Asst. City Atty., Tampa, for petitioner.
Linda Renate Hughes, Asst. County Atty., Tampa, for respondent.
DANAHY, Chief Judge.
Hillsborough County filed in the circuit court a petition for writ of certiorari seeking to invalidate a City of Tampa ordinance annexing approximately 11,000 acres in Northeast Hillsborough County. The ordinance was adopted pursuant to the petitions of several property owners requesting voluntary annexation of that area. The trial judge granted certiorari review, found the ordinance invalid for failure to follow the essential requirements of section 171.044, Florida Statutes (1985), and quashed the ordinance. The City has filed a petition in this court for writ of certiorari to review the action of the trial judge.
Both parties recognize that the scope of review by this court of an appellate decision of the circuit court is limited to determining whether the circuit court afforded procedural due process and applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). There being no procedural due process issue raised here, our sole inquiry is whether the trial judge applied the correct principles of law. We hold that he did, and deny the City's petition.
Section 171.081, Florida Statutes (1985), provides that any party affected who believes that he will suffer material injury by reason of the failure of a municipality to meet the requirements established for annexation as they apply to his property may file a petition in circuit court for certiorari review of the annexation plan. Hillsborough County is a party affected because it is a governmental unit with jurisdiction over the area to be annexed. § 171.031(5). Additionally, Hillsborough County is the owner of 106.7 acres of land included in the annexation area. The trial judge was satisfied that the county demonstrated a belief that it would suffer a material injury, and the record supports that determination.
In his final order the trial judge found that the City's ordinance failed to meet the requirements for a voluntary annexation plan because the area to be annexed was not contiguous to the boundaries of the City and was not reasonably compact, as required by section 171.044(1). Additionally, the trial judge found that the annexation would create enclaves of unincorporated county land, which is forbidden by section 171.044(5). See City of Sunrise v. Broward County, 473 So.2d 1387 (Fla. 4th DCA 1985). We have examined the record provided to us by the parties and find that it supports these conclusions of the trial judge.
Accordingly, having found that the trial judge applied the correct principles of law, we deny the City's petition for writ of certiorari.
Petition for writ of certiorari denied.
SCHEB and RYDER, JJ., concur.