Mr. George W. Baldwin, Jr. General Counsel Village of North Palm Beach 3300 Federal Highway Lake Park, Florida 33403
Dear Mr. Baldwin:
You have asked for my opinion on substantially the following question:
May the Village of North Palm Beach exclude from its boundaries Little Munyon Island, an undeveloped and unimproved island that is bounded on all sides by incorporated municipal property, if the exclusion of that island will result in the formation of a pocket of unincorporated county land within the boundaries of the incorporated municipality?
In sum:
The Village of North Palm Beach may not exclude Little Munyon Island from its boundaries since that property meets the requirements of section 171.043, Florida Statutes, and such an action would create a pocket of unincorporated land within municipal boundaries.
According to your letter, a very small island called Little Munyon Island is located entirely within the boundaries of the Village of North Palm Beach. The island is bounded on all sides by the village and is not developed or improved in any way; in fact this island can only be reached by boat. The village does not currently provide sewer, water, or electricity to the island although the village is responsible for providing police and fire protection if needed. The owner of this island would like the property to be excluded from the village so that it will be in unincorporated Palm Beach County. You ask whether this is permissible.
Chapter 171, Florida Statutes, the "Municipal Annexation or Contraction Act,"[1] (act) was enacted
"to set forth procedures for adjusting the boundaries of municipalities through annexations or contractions of corporate limits and to set forth criteria for determining when annexations or contractions may take place so as to:
* * *
(2) Establish uniform legislative standards throughout the state for the adjustment of municipal boundaries."[2]
Further, the act provides general law standards and procedures for adjusting the boundaries of Florida municipalities and preempts any such legislation to the state.[3]
Under the provisions of the act, land may be excluded from a municipality only if it fails to meet the criteria set forth in section 171.043, Florida Statutes.[4] Section 171.043, Florida Statutes, prescribes the character of property to be annexed and requires such things as contiguity to the municipality's boundaries, compactness, and that part or all of the area be developed for urban purposes.[5] However, even if property would otherwise be appropriate for exclusion, the statute recognizes that such action will not be allowed if it "would result in a portion of the municipality becoming noncontiguous with the rest of the municipality[.]"[6] Thus, under the statutory scheme, property that satisfies the requirements of section 171.043, Florida Statutes, may not be excluded from a municipality.[7]
It appears from the information you have submitted that Little Munyon Island satisfies the criteria established in section171.043, Florida Statutes. Section 171.043(1), Florida Statutes, requires that in order to be annexed, an area must be contiguous to the municipality's boundaries at the time the annexation proceeding is begun and be reasonably compact. In addition, you have advised this office that the island satisfies the requirements of subsection (3) of the statute, providing in part:
"In addition to the area developed for urban purposes, a municipal governing body may include in the area to be annexed any area . . . if such area . . . :
(a) Lies between the municipal boundary and an area developed for urban purposes, so that the area developed for urban purposes is either not adjacent to the municipal boundary or cannot be served by the municipality without extending services or water or sewer lines through such sparsely developed area[.]"
Property is not appropriate for contraction or exclusion if it meets these criteria.[8] As section 171.043, Florida Statutes, recognizes:
"The purpose of this subsection is to permit municipal governing bodies to extend corporate limits to include all nearby areas developed for urban purposes and, where necessary, to include areas which at the time of annexation are not yet developed for urban purposes whose future probable use is urban and which constitute necessary land connections between the municipality and areas developed for urban purposes or between two or more areas developed for urban purposes."
Ultimately the determination of whether the property to be excluded from a municipality fits the characteristics provided by the statutes is one that must be made by the municipality based on the individual facts of each case. However, Little Munyon Island meets the statutory requirements for annexation and does not appear to qualify for exclusion from the city boundaries under the provisions of section 171.052, Florida Statutes.
Finally, by excluding this property, the municipality would, in effect, be creating a pocket of unincorporated land within the Village of North Palm Beach. The Legislature has declared in Chapter 171, Florida Statutes, that it is the policy of the state to eliminate enclaves.[9] The term "enclave" as used in this chapter generally refers to improved or developed unincorporated land which is enclosed within and bounded on all sides by municipal property.[10] However, as the court stated in City ofSunrise v. Broward County:[11]
"[T]he annexation of property resulting in the creation of enclaves, regardless of whether such an enclave consists of incorporated or unincorporated property, has the effect of frustrating the purpose of the statute, that is, to assure the creation of geographically unified and compact municipalities."[12]
While in this case the village would not be creating an "enclave" in the technical sense of that term since Little Munyon Island is not developed or improved, it would frustrate the legislative will by carving out such a pocket. The definition of "[c]ompactness" reveals the Legislature's reluctance to authorize the creation of such areas:
"`Compactness' means concentration of a piece of property in a single area and precludes any action which would create enclaves,pockets, or finger areas in serpentine patterns. Any annexation proceeding in any county in the state shall be designed in such a manner as to ensure that the area will be reasonably compact."[13]
(e.s.)
As the Florida Supreme Court stated in State v. City ofStuart:[14]
"[T]here may exist in such cases [i.e., within the boundaries of a municipality] some unavoidable degree of territorial inequality, some indentations of agricultural or rural lands here and there across and inside the municipal boundary lines, which lines of necessity must be drawn so as to provide some degree of symmetry and regularity in the shape and contour of the city and allow some latitude for its reasonably anticipated growth. Common sense must be used in such matters."[15]
In sum, it is my opinion that the Village of North Palm Beach may not exclude Little Munyon Island from its boundaries since that property meets the requirements of section 171.043, Florida Statutes, and such an action would create a pocket of unincorporated land within the municipal boundaries.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 171.011, Fla. Stat., provides the title of the act.
[2] Section 171.021, Fla. Stat.
[3] See, s. 171.022, Fla. Stat., which provides that:
"(1) It is further the purpose of this act to provide viable and usable general law standards and procedures for adjusting the boundaries of municipalities in this state.
(2) The provisions of any special act or municipal charter relating to the adjusting of municipal boundaries in effect on October 1, 1974, are repealed except as otherwise provided herein."
[4] Section 171.052, Fla. Stat.
[5] Sections 171.043(1) and (2), Fla. Stat.
[6] Section 171.052(1), Fla. Stat.
[7] See, Op. Att'y Gen. Fla. 91-21 (1991) (a municipality may contract its boundaries or exclude certain property previously annexed into the city by following the procedures set forth in Chapter 171, Fla. Stat.); Op. Att'y Gen. Fla. 76-221 (1976) (The contraction procedures provided by s. 171.051, Fla. Stat., may be used to exclude only areas found not to meet the characteristics required by s. 171.043, Fla. Stat., of areas to be annexed. A municipality is without authority to enact a contraction ordinance, either on the initiative of its governing body or in response to a petition therefor, regarding an area with complies with the annexation characteristics set forth in s. 171.043.)
[8] See, s. 171.052, Fla. Stat.
[9] Section 171.046(1), Fla. Stat.
[10] Section 171.031(13), Fla. Stat.
[11] 473 So.2d 1387, 1389 (Fla. 4th DCA 1985).
[12] And see, City of Tampa v. Hillsborough County,504 So.2d 10 (Fla. 2d DCA 1986).
[13] Section 171.031(12), Fla. Stat.
[14] State v. City of Stuart, 120 So. 335 (Fla. 1929).
[15] Id. at 349.