418 So.2d 1148 (1982)
SCA SERVICES OF FLORIDA, INC., Appellant,
v.
CITY OF TALLAHASSEE, a Municipal Corporation, Appellee.
No. AI-123.
District Court of Appeal of Florida, First District.
August 23, 1982.
*1149 Donald M. Hinkle of Green & Fonvielle, P.A., Tallahassee, for appellant.
Bryan Henry, City Atty., and Patrick E. Hurley, Asst. City Atty. and John D. Buchanan, Jr., of Henry, Buchanan, Mick & English, Tallahassee, for appellee.
ERVIN, Judge.
After the Florida Attorney General refused appellant SCA Services of Florida's request to bring an action in quo warranto challenging various municipal annexations,[1] the appellant brought this action seeking invalidation of the annexation ordinances. The lower court dismissed the appellant's petition for writ of quo warranto with prejudice, relying on this court's opinion in a challenge to a different annexation attempt in SCA Services of Florida, Inc. v. City of Tallahassee, 393 So.2d 35 (Fla. 1st DCA 1981), rev. denied, 402 So.2d 612 (Fla. 1981). We affirm the lower court's determination but for a different reason.
Annexation is a power reposing exclusively in the legislature. The vehicle utilized by the legislature to accomplish a municipal annexation is by special act. However, the legislature has determined to share the power to annex with municipal corporations by enacting Chapter 171, Florida Statutes, the "Municipal Annexation or Contraction Act." North Ridge General Hospital, Inc. v. City of Oakland Park, 374 So.2d 461, 464 (Fla. 1979), appeal dismissed, 444 U.S. 1062, 100 S.Ct. 1001, 62 L.Ed.2d 744 *1150 (1980). That act provides that annexation by a municipality is accomplished by passage of a municipal ordinance utilizing the procedures set forth in Chapter 171.
Because the challenged annexations at bar were accomplished by several ordinances, any assault upon those ordinances focuses upon Chapter 171. By its own terms, "The purposes of this act [Chapter 171] are to set forth procedures for adjusting the boundaries of municipalities ... and to set forth criteria for determining when annexations ... may take place... ." § 171.021, Fla. Stat. (Supp. 1974). Reading the purposes of the act in pari materia with the legislative mandate in Section 171.022,[2] preempting all other means by which a municipality may accomplish an annexation on its own, it is apparent that the legislature intended to provide a clearly defined and exclusive method by which an annexation could be accomplished.
The legislature has also set forth in Section 171.081[3] the method by which judicial review of any annexation by ordinance may be sought. Again, reading Section 171.081 in pari materia with the foregoing sections on preemption and the purposes of the act, it is apparent that the legislature has manifested its intent that there be a sole and exclusive procedure for challenging a municipal government's failure to comply with Chapter 171, Florida Statutes.[4] This procedure requires that the complainant: (1) be a "party affected"; (2) allege "that he will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in" Chapter 171 "or to meet the requirements established for annexation ... as they apply to his property"; (3) file his complaint seeking judicial review within thirty days following passage of the annexation ordinance, and (4) seek review by certiorari in circuit court.
SCA asserted that its constitutional right of access to courts is barred since it is not a "party affected." Art. I, § 21, Fla. Const. Section 171.031(5), Florida Statutes, defines "parties affected" as "any ... firms owning property in, or residing in, either a municipality proposing annexation ... or owning property that is proposed for annexation. ..." (e.s.) SCA has alleged *1151 that it has the exclusive franchise for hauling garbage in the unincorporated area of Leon County. Certainly, an exclusive franchise right is a property right, see 36 Am.Jur.2d Franchises § 5 (1968), and this right exists in the unincorporated area. Thus, appellant is a "party affected" and meets the first criterion under Section 171.081.
The appellant has alleged and argued that certain prerequisites for annexation under Chapter 171 were not satisfied by the City, including the failure to plan for garbage services in the areas to be annexed, and that its exclusive franchise rights may be harmed by the annexation. This satisfies the second criterion, but appellant's efforts falter as to the third and fourth requirements of Section 171.081. Appellant sought a writ of quo warranto but should have sought certiorari. More significant is the fact that appellant filed this action more than thirty days after passage of the annexation ordinances.
Thus, appellant's action, having been untimely filed, was properly dismissed.
AFFIRMED.
McCORD and BOOTH, JJ., concur.
NOTES
[1] The City of Tallahassee enacted ordinances annexing the Tallahassee and Governor's Square Malls and the Goosepond area of Leon County.
[2] Section 171.022, Florida Statutes, states:

Preemption; effect on special laws. 
(1) It is further the purpose of this act to provide viable and usable general law standards and procedures for adjusting the boundaries of municipalities in this state.
(2) The provisions of any special act or municipal charter relating to the adjusting of municipal boundaries in effect on October 1, 1974, are repealed except as otherwise provided herein.
[3] Section 171.081, Florida Statutes, states:

Appeal on annexation or contraction. 
No later than 30 days following the passage of any annexation or contraction ordinance, any party affected who believes that he will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established for annexation or contraction as they apply to his property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari. In any action instituted pursuant to this section, the complainant, should he prevail, shall be entitled to reasonable costs and attorney's fees.
[4] Appellant has relied on Orange County v. City of Orlando, 327 So.2d 7 (Fla. 1976) for its authority to seek review by a means other than as provided for in Chapter 171. In that case the Florida Supreme Court stated that upon the Attorney General's refusal to challenge a municipal annexation by means of quo warranto, a party could seek relief by injunctive and declaratory relief. Id. at 8. We find that case inapplicable for two reasons: First, the case involved a challenge to three annexation ordinances passed pursuant to the requirements of a special act. See City of Orlando v. Orange County, 309 So.2d 16 at 16 (Fla. 4th DCA 1975). Second, the facts suggest that the case involved annexations occurring prior to the October 1, 1974 effective date of the "Municipal Annexation or Contraction Act," Chapter 171, Florida Statutes. See Ch. 74-190, § 3, Laws of Fla. Although we now hold that Chapter 171 provides the exclusive means by which citizens may attack a municipal annexation accomplished by ordinance, it is unclear whether the legislature also sought to preempt the Attorney General's right to proceed in quo warranto to challenge an annexation by ordinance. Because that question is not before us, we decline to address it.