898 So.2d 1101 (2005)
CITY OF AUBURNDALE, a Florida municipal corporation created under the laws of the State of Florida, Petitioner,
v.
TOWN OF POLK CITY, a Florida municipal corporation created under the laws of the State of Florida, Respondent.
No. 2D04-4441.
District Court of Appeal of Florida, Second District.
March 30, 2005.
*1102 Susan Fleischner Kornspan of Greenberg Traurig, P.A., West Palm Beach, and Elliot H. Scherker and Daniel M. Samson of Greenberg Traurig, P.A., Miami, for Petitioner.
Jonathan Stidham and Jeffrey Sullivan of Stidham & Stidham, Bartow, for Respondent.
CASANUEVA, Judge.
In response to the City of Auburndale's approval of an annexation ordinance, the Town of Polk City petitioned the circuit court for certiorari review of administrative action. The circuit court granted certiorari, quashed Auburndale's approval of the ordinance, and invalidated the ordinance. On Auburndale's second-tier petition for certiorari, this court is limited to determining whether there was a lack of procedural due process or a departure from the essential requirements of law. Martin County v. City of Stuart, 736 So.2d 1264, 1265 (Fla. 4th DCA 1999) (citing Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995)). Because Polk City lacked standing to bring the initial petition for certiorari, the circuit court departed from the essential requirements of law. Therefore, we grant Auburndale's petition for certiorari and quash the circuit court's order.
In 2001, the Florida Cabinet approved construction of a new power plant in Auburndale. Reclaimed water will be used to cool the plant, and Auburndale contracted to be responsible for disposing of this water. In August 2002, the City of Auburndale purchased 196 acres of undeveloped land so that discharged water from the plant could be routed to this sprayfield for disposal. Because the sprayfield is within the Town of Polk City's Water and Wastewater Reserve Area, Polk City is authorized to provide water and wastewater services to the property.
In September 2003, Auburndale's City Commission approved an ordinance annexing the sprayfield. Polk City then petitioned the circuit court for certiorari review, contending that the Commission had departed from the essential requirements of the law by approving the annexation of a noncontiguous parcel of land. Auburndale countered that the land was in fact contiguous, as it had previously annexed the intervening strip of land, and asserted that Polk City did not have standing to challenge the annexation. The circuit court concluded that Polk City had standing because the annexation could affect Polk City's right to provide water and wastewater services to the property. The circuit court's conclusion, however, was a departure from the essential requirements of law because Polk City has no contractual or statutory right to challenge Auburndale's legitimate annexation powers.
Florida's "Appeal on Annexation or Contraction" statute provides that "any party affected who believes that he or she will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation ... may file a petition ... seeking review by certiorari." § 171.081, Fla. Stat. (2003). Thus, for an entity to have standing to seek review by certiorari, it must be "affected" by and anticipate "material injury" from the annexation. Polk City does not pass this test.
*1103 Polk City claims that it has an exclusive right to provide water and wastewater services to the annexed property and that the annexation will materially affect this right. Polk City points to statutory language as the source of this right. Section 180.06, Florida Statutes (2003), titled "Activities Authorized by Municipalities and Private Companies," instructs:
Any municipality or private company organized for the purposes contained in this chapter, is authorized:
....
(3) To provide water and alternative water supplies, including, but not limited to, reclaimed water, and water from aquifer storage and recovery and desalination systems for domestic, municipal or industrial uses; [and]
(4) To provide for the collection and disposal of sewage, including wastewater reuse, and other liquid wastes.
However, authorization to engage in certain activities is materially different from an exclusive right to provide services. While the statute certainly authorizes Polk City to provide water and wastewater services to the sprayfield, it falls short of granting an exclusive right to do so. Concomitantly, Auburndale's annexation of its property cannot materially affect a nonexistent "exclusive" right. Legally and logically, Polk City cannot be considered an "affected party," and it did not have standing to challenge the annexation.
Polk City, however, contends that City of Mt. Dora v. JJ's Mobile Homes, Inc., 579 So.2d 219 (Fla. 5th DCA 1991), supports its position on standing. JJ's Mobile Homes held that the Public Service Commission's conferral of a franchise on a private utility to provide water and sewer service constituted a property right, and the municipality was not authorized to interfere with that property right by the "subsequent annexation of a portion of the private company's territory." Id. at 224. However, JJ's Mobile Homes differs from this case in two significant ways. First, JJ's Mobile Homes owned exclusive franchise rights, but Polk City does not possess an exclusive right to provide water and wastewater services to the annexed property. Second, the City of Mt. Dora annexed property belonging to JJ's Mobile Homes; here, Auburndale annexed its own property, not Polk City's, into Auburndale's corporate limits.
Furthermore, even if Polk City actually enjoyed an exclusive right to provide water and wastewater services to the annexed property, it still would not rise to the level of a "party affected" because the annexation has no impact on the property's need for water and wastewater services, nor does it thwart Polk City's delivery of such services. Although Auburndale intends to use the annexed property to dispose of wastewater, it remains that no water or wastewater service needs arise out of the annexed property; rather, wastewater generated elsewhere is being sprayed onto the annexed property. The annexation does not alter the present or potential need for water and wastewater services on the property, nor does it prevent Polk City from extending such services if and when the need arises. Since Auburndale's annexation of the subject property does not disrupt Polk City's ability to provide water and wastewater services to that property, Polk City, as a matter of law, is not affected by the annexation.
Because the annexation does not "affect" Polk City as required by section 171.081, Polk City did not have standing to bring a petition for certiorari challenging Auburndale's adoption of the annexation ordinance. Thus, by granting Polk City's petition, the circuit court violated a clearly established principle of law, causing a miscarriage of justice. See Housing Auth. of Tampa v. Burton, 874 So.2d 6, 8 (Fla. 2d DCA 2004).
*1104 Accordingly, we grant Auburndale's petition for certiorari and quash the circuit court's order.
NORTHCUTT and KELLY, JJ., Concur.