THOMPSON, J.
The City of Oak Hill seeks certiorari review of a circuit court order that found that the City of Edgewater had standing to file an annexation challenge. The issue is whether Edgewater had standing to join the annexation litigation and was thereby entitled to attorney’s fees as a prevailing party pursuant to section 171.08, Florida Statutes (2004). We hold that the circuit court misapplied the law in concluding that Edgewater was an “affected party” as defined under section 171.031(5). We grant certiorari and quash that portion of the final order that recognized Edgewater’s standing and right to collect attorney’s fees.
Oak Hill received petitions for the voluntary annexation of various properties. After public hearings, the Oak Hill City Commission adopted Ordinance 2003-18 on 8 December 2003 and annexed twenty-nine parcels of land near and around Oak Hill’s existing city limits. All parcels were located in the unincorporated area of Volusia County. Before final vote, Edgewater filed a written objection to the proposed annexation, noting that the ordinance contemplated the annexation of property north of Ariel Road within Edgewater’s Chapter 180 Utility Reserve Area.
After the final vote, Volusia County petitioned for certiorari in circuit court under section 171.081, and Edgewater filed a similar petition shortly thereafter. The annexation challenges were consolidated, and both certiorari petitions made essentially the same arguments. Both Edgewater and Volusia County claimed the ordinance did not comply with the requirements of Chapter 171 because it annexed parcels that were not contiguous *944 to Oak Hill’s city limits, the parcels to be annexed were not reasonably compact, and the annexation would create impermissible enclaves.
Eighteen of the twenty-nine parcels within Oak Hill’s annexation were challenged in the certiorari petitions filed by Volusia County and Edgewater, including the two parcels within Edgewater’s Chapter 180 utility reserve area. Oak Hill objected to Edgewater’s standing to file a separate challenge. Edgewater asserted it had standing because it had established a water and sewer utility service reserve area under Chapter 180, which included two parcels of property proposed for annexation by Oak Hill, and that its right to serve that area could be harmed.
Oak Hill confessed error as to six of the eighteen challenged parcels, including the two parcels within Edgewater’s utility reserve area, and conceded that they were not contiguous to Oak Hill’s municipal boundaries. After oral argument, Edge-water filed a notice of supplemental authority, Town of Polk City v. City of Auburndale, 11 Fla. Supp. 962 (Fla. 10th Cir.Ct.2004) (finding that Polk City had standing to challenge an annexation ordinance adopted by the City of Auburndale on the basis of its water and sewer reserve area in the property to be annexed).
Relying upon Auburndale, the circuit court issued an order on 22 February 2005 that granted in part and denied in part the certiorari petitions. The court ruled that Edgewater had standing to challenge Oak Hill’s annexation of the land within Edge-water’s Chapter 180 reserve area, invalidated the annexation of ten of the eighteen parcels, and upheld the annexation of the remaining eight parcels. With respect to Edgewater’s standing, the court stated:
Edgewater claims standing on the basis of its Chapter 180 right to provide services to some of the area Oak Hill annexed under Ordinance No. 2003-18. Oak Hill has conceded that the particular parcels to which Edgewater provided service are not contiguous and should be stricken. Thus, the remaining dispute between the parties is Edgewater’s entitlement to an award of reasonable costs and attorney’s fees under section 171.081. Oak Hill argues that it has no plans to interfere with Edgewater’s Chapter 180 utility reserve, thus Edge-water will suffer no material injury by the annexation.
Under somewhat similar facts, Florida’s Tenth Circuit found that even though annexed property was not within the petitioner’s boundaries, the challenged annexation could infringe upon the petitioner’s exclusive right to provide water and wastewater service to that area under section 180.86, and this was sufficient to confer standing under section 171.081. See Town of Polk City v. City of Auburndale, ER FALR 04:214 (Fla. 10th Cir. Aug. 9, 2004). Further, as Edgewater points out, section 180.02(2), Florida Statutes, specifically states that corporate powers identified in Chapter 180 “shall not extend or apply within the corporate limits within another municipality.” Section 180.02(2), Fla. Stat. This Court finds the reasoning of the Tenth Circuit persuasive. Edgewater has satisfied the requirement of proving material injury by virtue of its Chapter 180 utility reserve. Oak Hill’s annexation would [deprive] Edgewater of a recognized right to provide services to the area.
Subsequently, the Second District quashed the circuit court’s opinion and held, as a matter of law, that Polk City was not affected by the annexation merely because it had established a Chapter 180 reserve area within the annexed property. See City of Auburndale v. Town of Polk *945 City, 898 So.2d 1101, 1103 (Fla. 2d DCA 2005). In this certiorari proceeding, Oak Hill continues to challenge Edgewater’s standing and entitlement to reasonable costs and attorney’s fees under section 171.081.
To prevail on appeal, Oak Hill must show that Edgewater is not an affected party that has standing. The issue is whether a city, which provides water and wastewater service to annexed parcels, has standing to challenge another city’s annexation of unincorporated land. Section 171.081 addresses the requirement of standing to challenge an annexation:
No later than 30 days following the passage of an annexation or contraction ordinance, any party affected who believes that he or she will suffer material injury by reason of the failure of the municipal governing body to comply with the procedure set forth in this chapter for annexation or contraction as they apply to his or her property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari.
Section 171.031(5) defines “parties affected”:
“Parties affected” means any persons or firms owning property in, or residing in, either a municipality proposing annexation or contraction or owning property that is proposed for annexation to a municipality or any governmental unit with jurisdiction over such area.
In this second tier petition for certiorari, the appellate court is limited to determining whether there was a lack of procedural due process or a misapplication of the law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Oak Hill does not argue that the circuit court deprived it of procedural due process. Our only consideration, then, is whether the circuit court departed from the essential requirements of law as to Edgewater’s standing. The Second District’s decision in City of Auburndale, 898 So.2d 1101, is instructive.
There, Auburndale purchased 196 acres of unincorporated land so that discharged water from a new power plant could be rerouted to the annexed land, which would serve as a sprayfield for disposal. Id. at 1102. Polk City petitioned the circuit court for certiorari, contending that the city commission had departed from the essential requirements of law by approving the annexation of a non-contiguous parcel of land. Id. Auburndale argued that the land was contiguous and Polk City did not have standing to challenge the annexation. Id. The circuit court concluded that Polk City had standing because the annexation could affect Polk City’s right to provide water and wastewater services to the property. Id.
The Second District held that the circuit court departed from the essential requirements of law because Polk City lacked standing to challenge Auburndale’s legitimate annexation powers. Id. at 1103. Under section 171.081, an entity seeking certiorari must be “affected” by and anticipate “material injury” from the annexation. Although Polk City had a right to provide water and wastewater services to the annexed property under section 180.06, this authorization to provide water and wastewater services was not an exclusive right. Auburndale, 898 So.2d at 1103. Consequently, Auburndale’s annexation of Polk City’s property did not materially affect an “exclusive” right. Id.
The Second District further stated that, even if Polk City enjoyed the exclusive right to provide water and wastewater services to the annexed property, Polk City was not a “party affected” because the annexation did not affect the property’s need for water and wastewater services *946 and would not thwart Polk City’s delivery of those services. Id. Although Auburn-dale intended to use the property to dispose of wastewater, no new need for water or wastewater services arose from the annexation. Id. Polk City would not be affected by the annexation because Au-burndale’s annexation would not disrupt Polk City’s ability to provide water and wastewater services to the property. Au-bumdale is dispositive.
Here, Edgewater claims it is an “affected party” under section 171.031(5) because it has a property interest in the parcels within the Chapter 180 reserve area. Edgewater also claims that it is “a governmental unit with jurisdiction over such area.” Edgewater’s establishment of that reserve area enabled it to: (1) require and regulate the provision of various municipal services; (2) plan, provide, and contract for those services; (3) derive and expend revenue from providing services; and (4) condemn extraterritorial property to further these purposes. Edgewater relies upon SCA Services of Florida, Inc. v. City of Tallahassee, 418 So.2d 1148 (Fla. 1st DCA 1982), and City of Mount Dora v. JJ’s Mobile Homes, Inc., 579 So.2d 219 (Fla. 5th DCA 1991), to support its position. Neither case applies here.
In SCA, a company challenged a municipal annexation although it did not own real property in the municipality or the area to be annexed. Instead, the company held the exclusive franchise to haul garbage in that unincorporated area. 418 So.2d at 1151. The First District concluded that the company had a property right in the unincorporated area. Id. Noting that the property right could potentially be harmed by the annexation, the court held that the company would have had standing to challenge the annexation. Id.
In JJ’s Mobile Homes, a private utility possessing a Public Service Commission (“PSC”) certifícate to provide water and sewer service brought an action against Mount Dora for a determination that the utility had an exclusive right to provide service within the certificated area after Mount Dora annexed a tract within the area. 579 So.2d at 221. The circuit court granted summary judgment in favor of the utility, and the municipality appealed. The district court affirmed summary judgment, holding that: (1) the utility had an exclusive right to provide service in the area and was ready, willing, and able to do so; (2) although Mount Dora was not subject to regulation by the PSC, it could not interfere with the utility’s preexisting right in the certificated area; and (3) the absence of the word “exclusive” in the utility’s certificate did not mean that the utility’s rights were not in fact exclusive. Id. at 223-225.
The Second District in Aubumdale distinguished JJ’s Mobile Homes by observing that Polk City did not possess an exclusive right to provide water and wastewater services to the annexed property and Polk City did not own any of the property that was annexed. 898 So.2d at 1103.
Similarly, Edgewater did not own any of the parcels subject to annexation. The only support for Edgewater’s argument that a business interest constitutes a property right sufficient to confer standing is dicta from SCA where the court held that petitioner had sought the wrong remedy by seeking a writ of quo warranto instead of a petition for writ of certiorari. 418 So.2d at 1151.
Section 171.031(5) expressly grants standing to “any governmental unit with jurisdiction over” the area to be annexed. Oak Hill alleged that only Volusia County would qualify as a governmental unit with jurisdiction over the property. Edgewater argues that “governmental unit with juris *947 diction” should be interpreted broadly to encompass all governmental units with jurisdiction, including Edgewater, which has jurisdiction by virtue of Chapter 180. Edgewater cites no cases supporting their proposition. Nevertheless, even if we deemed Edgewater an affected party, Edgewater did not meet the material injury requirement.
Edgewater did not sufficiently allege a reasonable fear of material injury. In Florida, the potential loss of revenue may constitute sufficient injury for a local government’s standing to challenge annexation. See City of Sunrise v. Broward County, 473 So.2d 1387 (Fla. 4th DCA 1985) (holding that Broward County had standing to challenge an annexation ordinance because it could lose tax revenue). However, Edgewater did not allege that it actually provided service to the two annexed parcels within its reserve area or that it collected revenue from those parcels. It also did not demonstrate by specific factual basis a reasonable belief that the annexation would materially injure its potential to provide future services. Edgewater merely stated, in conclusory fashion, that it could lose a valuable source of revenue from utility services.
Edgewater cited section 180.02(2) to support its claim of material injury. Section 180.02(2) provides that corporate powers to provide municipal public works “shall not extend or apply within the corporate limits of another municipality.” Because Oak Hill annexed a portion of Edgewater’s reserve area into its city limits, Edgewater argues that section 180.02(2) gave it standing to object; once Oak Hill annexed the property, it could argue that Edgewater was encroaching upon its corporate powers by operating a reserve area within Oak Hill’s city limits. Such conjecture is unfounded; Edgewater did not create a reserve area that encroached upon another municipality because the annexation took place after Edgewater created the reserve area, subject to the recognized reserve area. See § 180.02(3).
We cannot determine whether Edge-water has the exclusive right to provide utility water and wastewater services to the annexed parcels because that determination depends on Edgewater’s prompt and efficient provision of services. In JJ’s Mobile Homes, the utility established that it was in fact operating a utility service at the time of the annexation. Apparently, the record before the Second District in Aubumdale indicated that Polk City did not have an exclusive franchise right. Here, Edgewater did not sufficiently allege in its certiorari petition that it was providing an exclusive utility service to the reserve area or was ready and able to provide service.
The circuit court misapplied the law in finding that Edgewater had standing because two parcels were within Edgewater’s Chapter 180 utility reserve area. Even if Edgewater owned property within the annexed area or had jurisdiction over such property, it did not establish a reasonable belief of material injury. Volusia County clearly had standing to challenge the annexation, and, as a result of its intervention, the two parcels in which Edgewater had an interest were removed from the annexation. Edgewater is not the prevailing party because the circuit court misapplied the law in finding that Edgewater had standing to challenge the annexation. City of Tallahassee v. Kovach, 733 So.2d 576, 578 (Fla. 1st DCA 1999) (holding that a circuit court fails to apply the correct law if it inappropriately determines that a party has standing to bring a statutory challenge to an annexation).
We GRANT the petition for certiorari, QUASH that portion of the final order *948 which recognized Edgewater’s standing and right to collect attorney’s fees, and REMAND for further consideration consistent with this opinion.
SAWAYA and MONACO, JJ., concur.