Dear Mr. Bayer
As City Attorney for the City of Marineland, you have asked for my opinion on substantially the following questions:
1. Should "common area" land that is owned by a homeowners association organized under section 720, Florida Statutes, be included, or excluded, from the calculation of "land owned by individuals, corporations, or legal entities which are not registered electors of such area," as provided in section 171.0431(5), Florida Statutes?
2. If such "common area" is to be considered under the definition of "land," what approval of owners is required to consent to annexation of such common areas?
3. Does the answer to Question One change if the common area land is preserved from development in the public interest, such as for wetlands or native upland buffers designated for conservation?
According to your letter, the City of Marineland is contemplating an annexation of adjacent areas by referendum under the provisions of section 171.0413, Florida Statutes. Included in the area being considered for annexation is a community that has a not-for-profit homeowners association organized under chapter 720, Florida Statutes. The total area included in the community is approximately 350 acres. Of this total, 150 acres are "common area" land owned by the association and dedicated by agreements with Flagler County and the State of Florida as wetlands, scrub jay habitat and other natural land permanently preserved in the public interest. An additional 60 acres represent other privately-owned "common area" lands such as roadways, utilities, and retention ponds and lakes. Single family residences or condominiums make up 140 acres of the total area. Registered voters own more than 40 percent of the individual platted land and constitute more than 30 percent of the voting memberships of the homeowners association. You advise that the area proposed for annexation is contiguous and compact within the meaning of the law. Your question relates to the calculation of the impact of the common area lands to meet the statutory thresholds for annexation.
Chapter 171, Florida Statutes, is the "Municipal Annexation or Contraction Act."[1] The purposes of the act are to establish uniform procedures for adjusting municipal boundaries through annexation or contraction of corporate limits and to set forth criteria for determining when annexation or contraction is appropriate.[2]
Section 171.0413, Florida Statutes, provides that a municipality may annex territory that is contiguous, compact, and unincorporated by using the procedures set forth in the statute. The statute requires the governing body of a municipality to adopt a nonemergency ordinance proposing the annexation of the territory.[3] The ordinance does not become effective until at least 10 days after it has been approved by a majority of the registered electors in the area proposed to be annexed.[4] If a majority of the electors in the area to be annexed votes against annexation, the ordinance has no legal efficacy, and the area may not be the subject of another annexation attempt for at least two years.[5]
Subsection (5) of section 171.0413, Florida Statutes, states that:
"If more than 70 percent of the land in an area proposed to be annexed is owned by individuals, corporations, or legal entities which are not registered electors of such area, such area shall not be annexed unless the owners of more than 50 percent of the land in such area consent to such annexation. Such consent shall be obtained by the parties proposing the annexation prior to the referendum to be held on the annexation."
This provision appears to reflect the Legislature's concern that landowners who are not registered electors and would therefore not be allowed to vote on the annexation referendum would have the opportunity to express their position on the proposed annexation of their real property.
Thus, section 171.0413(5), Florida Statutes, requires that if more than 70 percent of the land to be annexed is owned by non-registered elector owners, then the owners of more than 50 percent of the land in the area must consent to annexation before any referendum on annexation may be held under the section.
Question One
Chapter 720, Florida Statutes, provides this state's regulations for homeowners associations. For purposes of Chapter 720, Florida Statutes, the term "common area" is defined to mean:
"[A]ll real property within a community which is owned or leased by an association or dedicated for use or maintenance by the association or its members, including, regardless of whether title has been conveyed to the association:
(a) Real property the use of which is dedicated to the association or its members by a recorded plat; or
(b) Real property committed by a declaration of covenants to be leased or conveyed to the association."[6]
The statute provides that "common area" property is owned or leased by the association. Because this land is privately owned it would appear that this land must be included in calculations for purposes of section171.0413(5), Florida Statutes, to determine whether 70 percent of the land to be annexed is owned by individuals, corporations, or legal entities that are not registered electors of the area.
In Attorney General Opinion 2005-01 this office considered whether privately owned rights-of-way, water bodies, and condominiums should be considered in the calculation of ownership of land by non-registered elector owners. Regarding rights-of-way, the opinion concludes that as privately owned land, even though dedicated to public travel, rights-of-way must be included in calculations for purposes of section171.0413(5), Florida Statutes. Similarly, water bodies located within a subdivision that is proposed to be annexed and are privately owned real property should be treated for annexation purposes in the same manner as other real property. That is, these water bodies should be included in the calculations pursuant to section 171.0413(5), Florida Statutes, as real property within the proposed annexation area that may be owned by individuals, corporations, or other legal entities that are not registered electors. Finally the opinion concludes that since condominium parcels are separate parcels of real property, each non-registered elector owner's property must be considered in calculating the 70 percent of land owned by non-registered electors.
Therefore, it is my opinion that privately owned "common area" homeowner association property should be treated for annexation purposes in the same fashion as other real property. That is to say, this property should be included within the calculations pursuant to section171.0413(5), Florida Statutes, as real property within the proposed annexation area that may be owned by individuals, corporations, or other legal entities that are not registered electors.
Question Two
Based on my answer to Question One, you ask what approval of owners is required to consent to annexation of the common areas. Section171.0413(5), Florida Statutes, states that "the owners of more than 50 percent of the land in such area [must] consent to such annexation."
The statute does not limit consent of the owners of more than 50 percent of the land to those who are not registered voters. Rather, the statute requires that the owners of more than 50 percent of the landin the area to be annexed consent to annexation. The plain language of a statute must be read to mean what it says.[7] The statute requires that the proponents of annexation secure the consent of owners of 50 percent of the land to be annexed and that percentage may include both registered electors and non-voting owners. This consent must be obtained by the parties proposing the annexation prior to holding the annexation referendum.
Thus, it is my opinion that the owners of more than 50 percent of the land proposed to be annexed must consent to annexation if more than 70 percent of the land in the area proposed to be annexed, including the "common area" of a homeowners association, is owned by entities that are not registered electors.
Question Three
Finally, you have asked whether my response to Question One is affected by the fact that the private property included in the "common area" is dedicated to the public interest for such things as wetlands or conservation buffers. Nothing in section 171.0413(5), Florida Statutes, distinguishes property based on its use.
As this office concluded in Attorney General Opinion 2005-01, privately-owned property when used as public rights-of-way or water bodies is subject to inclusion in the 70 percent calculation. In contrast, that opinion and Attorney General Opinion 96-74 have concluded that public roads within the state, county, and municipal road system may not be considered in the calculation of ownership of land by non-registered elector owners pursuant to section 171.0413(5). This office is without authority to qualify or read into a statute an interpretation or define words in the statute in a manner that would result in a construction that seems more equitable under circumstances presented by a particular factual situation.[8]
Thus, my response to Question One is not modified based on the use to which privately owned "common area" property is dedicated. Rather, the determination of whether to include such property in the calculation of 70 percent is based on the statutory language, which requires a determination of the ownership of property and the voting status of the property's owners.
Sincerely,
Bill McCollum, Attorney General
[1] Section 171.011, Fla. Stat.
[2] Section 171.021, Fla. Stat. And see, SCA Services of Florida, Inc.v. City of Tallahassee, 418 So. 2d 1148 (Fla. 1st DCA 1982), rev.den., 427 So. 2d 737 (Fla. 1983) (statutes provide clearly defined and exclusive method by which annexation can be accomplished).
[3] Section 171.0413(1), Fla. Stat.
[4] Id.
[5] Section 171.0413(2)(e), Fla. Stat.
[6] Section 720.301(2), Fla. Stat.
[7] Carson v. Miller, 370 So. 2d 10 (Fla. 1979); Phil's Yellow TaxiCo. v. Carter, 134 So. 2d 230 (Fla. 1961).
[8] See Ops. Att'y Gen. Fla. 06-26 (2006), 91-32 (1991) and 82-80 (1982); and see generally, Chaffee v. Miami Transfer Company, Inc.,288 So. 2d 209 (Fla. 1974) (court cannot invoke limitation or add words to statute not placed there by the Legislature).