Dear Mr. Blossom:
On behalf of the City of Deltona, you ask substantially the following questions:
 1. Upon receipt of a petition for voluntary annexation pursuant to section 171.044, Florida Statutes, may the city consider whether the proposed annexation would provide a "net benefit" to the city?
 2. May a property owner who has petitioned for voluntary annexation appeal a denial pursuant to section 171.081, Florida Statutes?
 Question One
Chapter 171, Florida Statutes, is the "Municipal Annexation or Contraction Act."[1] The act establishes uniform procedures for adjusting municipal boundaries through annexation or contraction of corporate limits and sets forth criteria for determining when annexation or contraction can occur in order to:
 "(1) Ensure sound urban development and accommodation to growth.
 (2) Establish uniform legislative standards throughout the state for the adjustment of municipal boundaries.
 (3) Ensure the efficient provision of urban services to areas that become urban in character.
 (4) Ensure that areas are not annexed unless municipal services can be provided to those areas."[2]
Thus, there are basic objectives that a local government must consider which are applicable to any annexation of property to a municipality.
Section 171.044(4), Florida Statutes, states:
 "The method of annexation provided by this section shall be supplemental to any other procedure provided by general or special law, except that this section shall not apply to municipalities in counties with charters which provide for an exclusive method of municipal annexation."
Section 171.044, Florida Statutes, provides a uniform method for the voluntary annexation of real property as follows:
 "(1) The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality and reasonably compact may petition the governing body of said municipality that said property be annexed to the municipality.
 (2) Upon determination by the governing body of the municipality that the petition bears the signatures of all owners of property in the area proposed to be annexed, the governing body may, at any regular meeting, adopt a nonemergency ordinance to annex said property and redefine the boundary lines of the municipality to include said property. . . ." (e.s.)
Use of the term "may" in the statute gives the governing body of the municipality the discretion to adopt an ordinance annexing property voluntarily.[3] Once the ordinance has been adopted, however, and the prescribed notice has been given, the ordinance "shall" be passed.[4]
The discretion afforded municipalities in adopting an ordinance voluntarily annexing property does not allow the municipality to impose requirements in addition to those prescribed in Chapter 171, Florida Statutes. As recognized in Attorney General Opinion 2004-24, annexation must be effected either directly by the Legislature by special law or by a municipality in accordance with the authorization and procedures provided by a general law.[5]
While the procedures for voluntary annexation forego the referendum requirements imposed when property is otherwise annexed, the absence of a referendum would not obviate the need to evaluate the soundness of allowing urban development in the area to be annexed or the assurance that urban services can be provided efficiently. While there is no specific statutory requirement, it would not appear to be unreasonable for a municipality to consider the statutory prerequisites for annexation and character of the area to be annexed provided in sections171.042 and 171.043, Florida Statutes, as guidance in determining whether an area should be voluntarily annexed. Furthermore, a determination of whether annexed property would provide a "net benefit" to the city would be in line with the city's obligation to ensure "sound urban development and accommodation to growth."
Volusia County has a charter form of government.[6] However, you have not directed this office to any portion of the Volusia County Charter or the county's code of ordinances which provide an exclusive method of municipal annexation. Absent such a provision, the procedures in Chapter 171, Florida Statutes, for voluntary annexation would control.
Question Two
Section 171.081, Florida Statutes, states:
 "(1) Any party affected who believes that he or she will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established for annexation or contraction as they apply to his or her property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari. The action may be initiated at the party's option within 30 days following the passage of the annexation or contraction ordinance or within 30 days following the completion of the dispute resolution process in subsection (2). In any action instituted pursuant to this subsection, the complainant, should he or she prevail, shall be entitled to reasonable costs and attorney's fees."[7]
 While the provisions in section 171.081, Florida Statutes, do not specifically address the denial of a request for voluntary annexation, the terms appear broad enough to encompass any affected party who believes he or she will suffer material injury by the municipality's failure to either comply with the procedures in Chapter 171, Florida Statutes, for annexation or to meet the requirements established for annexation as they apply to the subject property. "Parties affected" include "any persons or firms owning property in, or residing in, either a municipality proposing annexation or contraction or owning property that is proposed for annexation to a municipality or any governmental unit with jurisdiction over such area."[8] (e.s.)
Accordingly, the owner of property which is the subject of a voluntary annexation is a party affected by the actions of the municipality and may seek certiorari review of the municipality's action pursuant to section 171.081, Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 171.011, Fla. Stat.
[2] Section 171.021, Fla. Stat. And see, SCA Services of Florida, Inc.v. City of Tallahassee, 418 So. 2d 1148 (Fla. 1st DCA 1982), rev.den., 427 So. 2d 737 (Fla. 1983) (statutes provide clearly defined and exclusive method by which annexation can be accomplished).
[3] See Myles v. State, 602 So. 2d 1278 (Fla. 1992) (word "may" given its ordinary meaning generally denotes a permissive term; however it may be a word of mandate in an appropriate context); Fixel v.Clevenger, 285 So. 2d 687 (Fla. 3d DCA 1973); City of Miami v. SaveBrickell Avenue, Inc., 426 So. 2d 1100 (Fla. 3d DCA 1983); Ops. Att'y Gen. Fla. 98-64 (1998) (use of the term "may" indicates that the state attorney has discretion in determining whether to file such a petition); 97-79 (1997); and 95-41 (1995).
[4] Section 171.044(2), Fla. Stat., further provides:
 "Said ordinance shall be passed after notice of the annexation has been published at least once each week for 2 consecutive weeks in some newspaper in such city or town or, if no newspaper is published in said city or town, then in a newspaper published in the same county; and if no newspaper is published in said county, then at least three printed copies of said notice shall be posted for 4 consecutive weeks at some conspicuous place in said city or town. The notice shall give the ordinance number and a brief, general description of the area proposed to be annexed. The description shall include a map clearly showing the area and a statement that the complete legal description by metes and bounds and the ordinance can be obtained from the office of the city clerk." (e.s.)
[5] See s. 2(c), Art. VIII, Fla. Const., stating: "Municipal annexation of unincorporated territory, merger of municipalities, and exercise of extra-territorial powers by municipalities shall be as provided by general or special law." But see, section 171.044(4), Fla. Stat., providing:
 "The method of annexation provided by this section shall be supplemental to any other procedure provided by general or special law, except that this section shall not apply to municipalities in counties with charters which provide for an exclusive method of municipal annexation."
[6] See Chs. 70-966 and 70-967, Laws of Fla. (1970), as amended by Ch.97-353, Laws of Fla. (1997).
[7] Section 171.081(2), Fla. Stat., requires if an affected party is a governmental entity that the entity initiate and proceed through the conflict resolution procedures set forth in Ch. 164, Florida Statutes, prior to filing a petition for certiorari review in circuit court.
[8] Section 171.031(5), Fla. Stat.