NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATLACHA CIVIC ASSOCIATION,      )
INC., DAVID McGUGAN, GARY        )
REHILL, ROBERT C. TOMES, and J.  )
MICHAEL HANNON,                  )
                                 )
          Petitioners,           )
                                 )
v.                               )         Case No. 2D18-419
                                 )
CITY OF CAPE CORAL, FLORIDA,     )
                                 )
          Respondent.            )
_____  )

Opinion filed May 22, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; Keith R. Kyle, Judge.

Matthew D. Uhle of Offices of Matthew
D. Uhle, LLC, Ft. Myers, and Steven L.
Brannock and Sarah C. Pellenbarg of
Brannock & Humphries, Tampa, for
Petitioners.

Dolores D. Menendez, City Attorney, and
Steven D. Griffin, Assistant City Attorney,
Cape Coral, for Respondent.


KELLY, Judge.

Matlacha Civic Association, Inc., and J. Michael Hannon (collectively the "Matlacha petitioners"), and David McGugan, Gary Rehill and Robert C. Tomes (collectively the "Cape Coral petitioners") seek second-tier certiorari review of the circuit court's dismissal of the petitioners' original certiorari petition. We conclude that with respect to the Cape Coral petitioners, the circuit court departed from the essential requirements of law in determining they did not have standing to challenge an annexation ordinance passed by the City of Cape Coral.

In 2012, the City of Cape Coral purchased six parcels of land located on the eastern edge of the island community of Matlacha in unincorporated Lee County. In 2016, the City Council of Cape Coral proposed Ordinance 57-16 to annex the property into the city limits of Cape Coral. Cape Coral used the "voluntary annexation" procedure pursuant to section 171.044, Florida Statutes (2017), because it owned the parcels.

When the Cape Coral City Council conducted a hearing on the proposed annexation, it was met with significant opposition. Hundreds of objecting citizens, including the Cape Coral and Matlacha petitioners, appeared at the hearing. Among the many objections raised was an assertion that under the annexation statute, it is improper for a municipality to purchase land outside its jurisdiction and then use the "voluntary annexation" procedure to annex those parcels into the city. Despite the objections, the City passed the ordinance.

The Matlacha petitioners and the Cape Coral petitioners filed a three-count action in the circuit court to challenge the annexation. At issue here is the first count which sought certiorari review of the ordinance pursuant to section 171.081(1).

The petitioners challenged the ordinance on three fronts: (1) Cape Coral's use of voluntary annexation was not permitted under the plain language of the annexation statute; (2) even so, the City had not met the requirements of the annexation statute in that (a) the property to be annexed creates an illegal pocket or enclave, (b) there is no urban character to the property or to the surrounding wilderness land, (c) there is no reason or ability for the City to provide services to the property anytime soon, and (d) the property is not contiguous to Cape Coral; and (3) passage of the ordinance was not supported by competent substantial evidence. In response, the City argued that the petitioners lacked standing to challenge the ordinance. Ultimately, the trial court agreed with the City and dismissed the petition for lack of standing. The petitioners have asked this court to issue a writ of certiorari quashing the order of the circuit court.

Our review of a second-tier petition for writ of certiorari is limited to whether the circuit court afforded the petitioner procedural due process and whether it applied the wrong law; that is, whether it departed from the essential requirements of law. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010). A departure from the essential requirements of law includes failure to comply with constitutional law and statutes that deal "with the same issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision." Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003). Matters of statutory interpretation present a question of pure law and are subject to de novo review. Jackson-Shaw Co. v. Jacksonville Aviation Auth., 8 So. 3d 1076, 1085 (Fla. 2008). Questions regarding standing are also pure questions of law to be reviewed de novo. Edgewater Beach Owners Ass'n v. Walton County, 833 So. 2d 215, 219 (Fla. 1st DCA 2002), receded

- 3 -

from on other grounds, Bay Point Club, Inc. v. Bay County, 890 So. 2d 256 (Fla. 1st DCA 2004).

Section 171.081(1) provides for review of an annexation or contraction and states, in pertinent part:

> Any party affected who believes that he or she will suffer material injury by reason of the failure of the municipal governing body to comply with the procedures set forth in this chapter for annexation or contraction or to meet the requirements established for annexation or contraction as they apply to his or her property may file a petition in the circuit court for the county in which the municipality or municipalities are located seeking review by certiorari.

Section 171.031(5) defines "parties affected" as "any persons or firms owning property in, or residing in, either a municipality proposing annexation or contraction or owning property that is proposed for annexation to a municipality or any governmental unit with jurisdiction over such area." The trial court found, and the City concedes, that the Cape Coral petitioners are "parties affected" as defined by section 171.031(5).

The City argued that standing under section 171.081(1) required more than being a "party affected." Not only must the petitioner be a "party affected," the petitioner must demonstrate he or she has suffered a present "material injury" as a direct result of the annexation. The trial court dismissed the petition after concluding the Cape Coral residents had not alleged they had suffered a present material injury. The petitioners argue that the trial court departed from the essential requirements of law by failing to abide by the plain language of section 171.081(1), the result of which was to deprive them of their statutory right to seek review of the annexation. We agree.

- 4 -

Section 171.081(1) authorizes any "party affected who *believes* that he or she *will* suffer material injury by reason of the failure" of a municipality to comply with the statutory procedure for annexation to seek certiorari review of the annexation. (Emphasis added). The trial court's conclusion that the petitioners had to allege a present material injury directly resulting from the annexation is contrary to the plain language of the statute. This was a departure from the essential requirements of law. See Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 727 (Fla. 2012) ("[S]tatutes also constitute 'clearly established law,' meaning that a district court can use second-tier certiorari to correct a circuit court decision that departed from the essential requirements of statutory law." (citing Kaklamanos, 843 So. 2d at 890)). The Cape Coral petitioners asserted their belief that they will suffer material injury from the City's unlawful annexation, and this was sufficient to afford them the right to pursue their statutory right to seek review of the annexation. See City of Tampa v. Hillsborough County, 504 So. 2d 10, 11 (Fla. 2d DCA 1986) (explaining that the trial court applied the correct principles of law when it based its standing determination on the fact that the petitioner demonstrated a belief that it would suffer a material injury).[1]

The trial court determined, correctly, that the Matlacha petitioners are not "parties affected" as defined by section 171.031(5). Based on this determination, it

---

[1]In arguing that the petitioners must demonstrate a present material injury, the City, and subsequently the trial court, relied on this court's decision in City of Auburndale v. Town of Polk City, 898 So. 2d 1101 (Fla. 2d DCA 2005). That case is inapposite because it does not involve the statutory definition of "parties affected." Polk City did not assert it was a party "affected" pursuant to section 171.031(5), Florida Statutes (2003), presumably because it did not come within the statutory definition. Instead, it relied on section 180.06, Florida Statutes (2003), and claimed that because the annexation would affect its rights under that statute, it was entitled to challenge the annexation. See City of Auburndale, 898 So. 2d at 1103.

concluded they lacked standing. Here, the Matlacha petitioners argue they have constitutional standing to challenge what they contend is the City's unconstitutional application or ultra vires use of the annexation statute and that they may use a writ of common law certiorari to pursue their challenge. They assert that because they are taxpayers and have suffered a special injury, they have standing to challenge the lawfulness of the City's purchase, ownership, and annexation of the parcels. They fault the trial court for failing to even address this issue and argue that by failing to address the issue, it deprived them of their common law right of certiorari. The City contends, among other things, that section 171.081 is the exclusive means to challenge an annexation.

We need not decide whether common law certiorari is available to the Matlacha petitioners and consequently whether the trial court deprived them of the right to proceed under a common law writ because we conclude that the issue was not properly before the trial court. The certiorari petition before the trial court alleges that it was brought pursuant to section 171.081(1). The petitioners reaffirmed that they were proceeding under the statute in their claim for attorney's fees pursuant to section 171.081(2), which entitles a party challenging an annexation under section 171.081(1) to recover fees. When challenged on standing in the trial court, the Matlacha petitioners sought to expand the statutory definition of "party affected" by asserting the City's actions were unlawful and that the definition "presupposes a lawful resort to the statute by the municipality." While the petitioners urged the trial court to find that they had standing based on what they argued was the City's unconstitutional application of the annexation statute, the only fair reading of the record is that they wanted to proceed

- 6 -

under section 171.081. Under these circumstances, we find no departure from the essential requirements of law in the trial court's reliance on the definition of "parties affected" in section 171.031(5) to determine whether the Matlacha petitioners had standing to proceed under section 171.081(1).

Accordingly, we grant the petition for writ of certiorari and quash that portion of the circuit court's order finding that the Cape Coral petitioners did not have standing to challenge the City's annexation ordinance.

Petition granted, order quashed in part, and remanded.

SILBERMAN, J., and LENDERMAN, JOHN C., ASSOCIATE SENIOR JUDGE, Concur.